(130 So. 194)
### BARTLETT et al. v. BARTLETT et al.
7 Div. 911.

Supreme Court of Alabama.
Oct. 9, 1930.

[1] 220 Ala. 45.

FOSTER, J.

The evidence shows that George Bartlett at one time owned the land in question. He had several children, and after his wife died, and before he married a second time, he executed a deed conveying this land to one of his sons, W. H. Bartlett. After he married, and one child was born, he was killed in 1894. W. H. Bartlett at once took charge of this land and the personal effects of his father. He paid the adult children an amount of money at various times, soon thereafter, and received a deed from each of them. These complainants are the minors. All of them, except the small infant of the second marriage were taken into the home of W. H. Bartlett and reared and educated by him as members of his family, and they continued as such until the girls married and the boy was of age. In the meantime the widow sued him for the land. The result is not shown by this record; but the evidence is clear that the deed to him was duly executed. The suit was begun in 1921, when the youngest child was about twenty-seven years old, and after W. H. Bartlett had been possessed of the land since his father died in 1894, until he died, after which this suit was filed.

■ The only evidence of a written agreement was given by one Fowler, who was a son-in-law and whose wife had died. He was present when the deed was executed and witnessed its execution. We think his evidence as to the written instrument was subject to the objection that the original was not produced or accounted for; that the substance of its contents was not undertaken to be shown, but only a conclusion as to the effect of its contents; that it does not correspond in material detail to the averments of its substance as alleged in the amended bill, and that it was not duly executed by George Bartlett. The justice of the peace, who took the acknowledgment to the deed at the time when Fowler says that there was such a paper made, denies all knowledge of it, and no one else testified to its existence. We consider such evidence both legally insufficient, and, in fact, unsatisfactory to establish the execution and contents of such a trust agreement.

■ In the absence of an express written agreement creating a trust, there is no other phase of the evidence sufficient to that end. Moreover, there is no satisfactory evidence of a parol agreement to that effect, nor the parol admission of any such trust relation, but the evidence shows that W. H. Bartlett and his heirs had possession of the land for about twenty-seven years before the suit was filed. There was no satisfactory evidence that their possession during all this time was not adverse and exclusive. A parol agreement, however, or the parol admission of a trust alone, in the absence of fraud and all other elements of estoppel, does not create a

Street, Bradford & Street, of Guntersville, for appellants.

E. O. McCord & Son, of Gadsden, for appellees.

580

trust relation. Tillman v. Kifer, 166 Ala. 403, 52 So. 309; Chesser v. Motes, 180 Ala. 563, 61 So. 267; Willard v. Sturkie, 213 Ala. 609, 105 So. 800; Patton v. Beecher, 62 Ala. 579; section 6917, Code.

The only fraud suggested was directed to the second wife of George Bartlett, and she has had her day in court, and is not a party to this suit, and complainants do not claim under her rights.

■ The violation of a parol trust agreement, if established, is not of itself that nature of fraud which will sustain a bill to enforce the trust founded on such claim of fraud. Patton v. Beecher, supra.

We think other questions discussed by counsel need not be considered.

The conclusion we have reached, as. here expressed, does not lead to the result declared in the decree of the circuit court, nor to any relief for the complainants. That decree is therefore reversed, and one is here rendered denying relief and dismissing the cause.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.