318 So.2d 249

**Julia A. FINCH, as executrix, etc.**

v.

**Grace YORK et al.**

**SC 942.**

Supreme Court of Alabama.

Aug. 21, 1975.

James R. Davis, Beavers, Debuys, Davis & Johnson, Birmingham, for appellant.

**384**

Conrad M. Fowler, Jr., Columbiana, Peter J. Palughi, Mobile, for appellee-intervenor Doris Numberg.

ALMON, Justice.

Grace York, appellee, plaintiff below, filed her original complaint seeking the sale and division of certain real property situated in Shelby County, Alabama. The property in question had been deeded to appellee and her brother, John Edward Finch, defendant below [1], by their father, Edward F. Finch. The conveyance was transacted in Mobile, Alabama, five years before the father's death and over six years prior to the commencement of this action. Present at the conveyance were Edward F. Finch; George D. Tonsmeire, the elder Finch's attorney; Grace York; and John Edward Finch.

The complaint alleged that prior to the execution of the deed, Mr. Tonsmeire, at the direction of the grantor, secured sworn oral promises from grantees that they would in turn each reconvey by deed one-half of their respective interests, or an undivided one-quarter interest in the entire parcel, to two other sisters neither of whom were present at the conveyancing. The sister who was alleged to have been the intended beneficiary of defendant's promise to reconvey, Doris Numberg, was allowed to intervene; the other sister, Marion Blythe, was added as a party defendant.

[1]. During the pendency of this appeal, appellant died. We granted the motion of Julia A. Finch, executrix and personal representative of his estate, to revive the action in the name of appellant's estate.

Trial was had without a jury and from the testimony and depositions received into evidence the trial court found that each of the four parties were entitled to an undivided one-quarter interest in the property [2].

Appellant first argues that the holding in *Walling v. Couch,* 292 Ala. 33, 288 So.2d 435 (1973), rendered certain evidence received by the trial court of statements made by Edward F. Finch regarding the intended beneficiaries of the conveyance inadmissible under our Dead Man's Statute, Code of Alabama 1940, Recompiled 1958, Tit. 7, § 433. Although the trial court found that there was sufficient evidence to support its ruling independent from that challenged under the Dead Man's Statute, we will address the issue and the field of application of the holding in *Walling.* In *Walling* the only evidence which supported the trial court's finding of a constructive trust was that of a husband's testimony concerning conversations with his then deceased wife. In reversing, the court held that the Dead Man's Statute did apply to those who succeed to the rights of a decedent by an inter vivos transaction.

In distinguishing this case from *Walling,* it is significant to note that here the estate of the deceased under the facts and pleadings cannot be increased or diminished; neither is the deceased's estate a party. In *Walling* the $10,000.00 was to come from the deceased's estate and the estate was a party defendant. We therefore conclude that the evidence in question is not barred by virtue of the Dead Man's Statute and could have been considered by the trial court as well as here on appeal.

Appellant's next contention is not so readily disposed of. Specifically, parol evidence was introduced over objection which was allegedly at variance with the fee simple deed conveying the property in question from Edward F. Finch to John Edward Finch and Grace York. Our cases are uniform to the effect that in the absence of fraud, a parol condition subsequent cannot be engrafted on a deed conveying a fee simple title. *Smith v. Smith,* 153 Ala. 504, 45 So. 168 (1907); *Nearhos v. City of Mobile,* 257 Ala. 161, 57 So.2d 819 (1952). The gist of appellant's argument then is that the trust, if it existed at all, was established entirely by parol and therefore falls within the operation of the statute of frauds unless and until the proponent has shown such trust to have arisen *ex maleficio* or under circumstances where equitable relief has been traditionally available as against a fraudulent procurer. *Patton v. Beecher,* 62 Ala. 579, 591 (1878); *Roberts v. Monroe,* 261 Ala. 569, 75 So.2d 492 (1954). Those special circumstances have been found to exist where (1) there is a fiduciary relationship or special trust between the parties coupled with a breach of such fiduciary duty(s) or trust, *Putnam v. Putnam,* 274 Ala. 472, 150 So.2d 209 (1963) (breach of duties owed between husband and wife); *Knowles v. Canant,* 255 Ala. 331, 51 So.2d 355 (1951) (breach of duties owed by son-in-law handling transaction to mother-in-law); or (2) undue influence, *Strickland v. Strickland,* 206 Ala. 452, 90 So. 345 (1921); *Cox v. Parker,* 212 Ala. 35, 101 So. 657 (1924).

We agree that appellant has accurately stated the law recognized in this State—viz., the statute of fraud bars the introduction of parol agreements at variance with express deeds, *Brindley v. Brindley,* 197 Ala. 221, 72 So. 497 (1916), unless there is an averment that the breach of the parol agreement constitutes fraud. *Dean v. Roberts,* 182 Ala. 221, 62 So. 44 (1912). This rule has been codified in Tit. 47, § 149:

"No trust concerning lands, except *such as results by implication or con-*

---

2. The matter of sale of the property was set for trial; that evidentiary hearing never transpired as appeal to this court was taken immediately.

*struction of law, or which may be transferred or extinguished by operation of law,* can be created, unless by instrument in writing, signed by the party creating or declaring the same, or his agent or attorney lawfully authorized thereto in writing." (Emphasis ours).

Therefore, in order to resolve the question of whether this parol trust was within the operation of the statute of frauds, we must necessarily review the evidence before the trial court tending to establish fraud on the part of John Edward Finch. This we have done and in the process noted ample evidence, a substantial portion of which was taken *ore tenus,* that (1) Edward F. Finch had repeatedly expressed his intention to divide the property between the four children now involved in this litigation, that (2) immediately prior to the execution of the deed a sworn promise was secured from John Edward Finch and Grace York that they would reconvey, that (3) neither of the grantees made any objections to so reconvey, and that (4) immediately thereafter John Edward Finch told Grace York that he had no intention of carrying out his promise. From this we hold that there was a permissible inference that the grantor desired that the conveyance be expressly contingent upon subsequent reconveyance on the part of the grantees and that John Edward Finch never intended to fulfill his promise.

In holding that such conduct was tantamount to fraud and thereby affirming the finding of a constructive trust by the trial court, we are not unmindful of prior decisions which in effect have held that violation of a parol trust agreement or its subsequent repudiation is not of itself that character of fraud which will suffice to sustain a constructive trust. *Pierce v. Murphee,* 274 Ala. 20, 145 So.2d 207 (1962); *Talley v. Talley,* 248 Ala. 84, 26 So.2d 586 (1946); *Bartlett v. Bartlett,* 221 Ala. 578, 130 So. 194 (1930). In each of these cases, however, it was expressly found that no fraud existed contemporaneously with the challenged transaction.

Had we viewed the alleged promise of appellant to reconvey as simply a contractual obligation to hold one-half of his share in express trust, then, as previously noted, such promise would be inoperative under the statute of frauds. But where, as here, there is evidence of a fraudulent intent to repudiate an express promise (such promise being the inducement for the conveyance itself), the statute of frauds becomes immaterial as the fraud vitiates the entire transaction. *Doswell v. Hughen,* 266 Ala. 87, 94 So.2d 377 (1957); *Smith v. Smith,* 153 Ala. 504, 45 So. 168 (1907); *Manning v. Pippen,* 86 Ala. 357, 5 So. 572 (1888).

> "The essence in such cases is not the breach of a promise, but the fraudulent intent not to perform; . . . ." 3 Pomeroy, Equity Jurisprudence, § 887d (5th ed.).

In affirming the decision of the trial court we hasten to note that there was considerable evidence also introduced which would have supported a contrary result. Specifically, that the true intention of the father was to vest title to the property in the recited grantees so that they could in turn sell a portion thereof and use the proceeds to discharge a long-standing lien on the entire parcel thereby eliminating the threat of foreclosure. Moreover, Mr. Tonsmeire deposed that he had no recollection of taking any sworn promise from either of the grantees at the time of the conveyance. Because of the equitable nature of this form of relief, however, we have not in the past nor have we attempted here to impose any unyielding formula as to those factual circumstances which will or will not support a constructive trust. *Cherpes v. Cherpes,* 279 Ala. 346, 185 So. 2d 137 (1966). Rather, inasmuch as the constructive trust is a creature of equity, every presumption is indulged in favor of

the findings of the trial court and will not be disturbed unless palpably wrong. *Sims v. Reinhart,* 285 Ala. 658, 660–61, 235 So. 2d 802 (1970).

Affirmed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.