ALMON, Justice.
This case involves a dispute within the Cannon family over certain real property. The issue is whether the testimony of cer *289 tain witnesses is admissible under the Dead Man’s Statute, Tit. 7, § 433, Code of Alabama 1940, Recompiled 1958.[1]
The property was originally owned by P. M. Cannon who died intestate in 1928.[2] He left a widow, Mary Elizabeth Cannon, and six children. Joe C. Cannon, one of the six children, died in 1943 leaving a widow and four children. Between 1957 and 1960 all parties holding any interest in the real estate — i. e., the five living children of P. M. Cannon, their wives or husbands, the widow of Joe C. Cannon, his children, and their wives or husbands — transferred their interest by quit claim deed to Mary Elizabeth Cannon. In 1960 Mary Elizabeth Cannon executed a long-term lease of the property. During 1967 the lease was rewritten to provide that it would continue until 1990 with the right to renew until 2010; the rent automatically increased periodically. Mary Elizabeth Cannon died on April 18, 1974, leaving by will $500.00 to each of Joe C. Cannon’s children and the real estate in trust for the benefit of her five surviving children, the income of which would be divided equally among them. The trust is to last until the death of the last child or until the lease terminates.
Suit was filed by the widow and children of Joe C. Cannon against the other children of P. M. Cannon and their wives contending that the quit claim deeds should be reformed to convey only a life estate, not a fee, or in the alternative, that Mary Elizabeth Cannon constructively held the property in trust and that they are entitled to a one-sixth interest in fee, notwithstanding the provisions of Mary Elizabeth Cannon’s will. At trial the plaintiffs attempted to question certain witnesses regarding statements made by Mary Elizabeth Cannon about the conveyances. The trial judge sustained objections to these questions. Judgment was for the defendants.
The plaintiffs contend that the trial court erred because the testimony they attempted to elicit comes within at least one of two possible exceptions to the Dead Man’s Statute.
In Taylor v. First National Bank of Tuscaloosa, 279 Ala. 624, 189 So.2d 141 (1966), this court listed three conditions that *290 are required to exist by the statute before a witness becomes incompetent to testify as to a statement made by the dead person:
“1. The witness must have a pecuniary interest in the result of the suit.
“2. His interest must be opposed to the interest of the party against whom he is called to testify.
“3. The estate of the deceased person who made the statement must be interested in the result of the suit.” Id. at 630, 189 So.2d at 146.
The appellants argue that either of the latter two requirements are not met. As to the second requirement, see Taylor, supra; Watson v. Watson, 283 Ala. 214, 215 So.2d 290 (1968); Faust v. Faust, 248 Ala. 660, 29 So.2d 133 (1947); Niehuss v. Ford, 251 Ala. 529, 38 So.2d 484 (1949). As to the third requirement, see Ambrose v. Vandeford, 277 Ala. 66, 167 So.2d 149 (1964); Slagle v. Halsey, 245 Ala. 198, 15 So.2d 740 (1944); Hanks v. Hanks, 281 Ala. 92, 199 So.2d 169 (1967); Hodges v. Hodges, 201 Ala. 215, 77 So. 741 (1918); Finch v. York, 294 Ala. 382, 318 So.2d 249 (1975).
Under the second requirement, the appellants contend that the defendants, called by them as witnesses, should be allowed to testify as to statements made by Mary Elizabeth Cannon because “[t]heir testimony would be contrary to their [own] interests and therefore not within the influence of Section 433 . . . .” Watson v. Watson, supra, at 216, 215 So.2d at 291.
The only defendants that indicated they had any statements to relate were Preston M. Cannon and Katherine Hardy Cannon. Preston’s and Katherine’s present interest in the real estate is a one-fifth interest held in trust until the last of Mary Elizabeth Cannon’s children die, or until the long-term lease on the property terminates, whichever comes sooner. If the appellants prevail in their suit to reform the deeds of Mary Elizabeth Cannon or to declare that she held the land in constructive trust, the interests of Preston and Katherine would be transformed from a one-fifth interest in trust to a one-sixth interest in fee. The question is whether such a change is opposed to their interest. Their present interests represent a larger piece of the property than they would receive should the appellants prevail; however, a one-sixth interest in fee may in some respects be more desirable than a one-fifth interest in trust. Quite possibly they will not be around to see the termination of the trust, and the fee will go to their heirs. Whether a one-sixth in fee is more desirable than a one-fifth in trust may turn on personal preference.[3]
To Preston and Katherine, “a bird in the hand may be better than two in the bush.” Under the facts here presented, we cannot say that the interests of Preston and Katherine are not opposed to those of the other appellees.
The other contention is that the estate is not interested in the result of the suit. However, if the deeds were reformed to state that Mary Elizabeth Cannon took only a life estate, the property would pass outside the estate, clearly diminishing it. The appellants’ contention, though they cite no cases in support thereof, is apparently that if Mary Elizabeth Cannon took in constructive trust, the property would pass through the estate, and it would therefore not be increased or diminished.
In Walling v. Couch, 292 Ala. 33, 288 So.2d 435 (1973), a husband conveyed real estate to his wife (deceased) with the understanding that she would build a house on the property, and if the property were ever sold, the husband would receive back the value of the property. They subsequently divorced and she sold the property to third parties. The husband sued the estate and third parties alleging constructive trust. The court held that the Dead *291 Man’s Statute rendered incompetent all testimony concerning conversations between the husband and his deceased wife respecting the alleged agreement.
In contradistinction is Finch v. York, supra, where a father (deceased) conveyed real estate to a son (appellant, defendant below) and a daughter (appellee, plaintiff below) with the alleged agreement that they would reconvey a one-half interest to two other daughters not then present. The son declined to make the conveyance, and was alleged to hold the property in trust. The court distinguished Walling and held that evidence of statements made by the deceased father were admissible under the Alabama Dead Man’s Statute because the estate would be neither increased nor decreased as a result of the suit. “In Walling the $10,000.00 was to come from the deceased’s estate and the estate was a party defendant.” Id. at 385, 318 So.2d at 251. See Coleman v. Kierbow, 212 Miss. 541, 54 So.2d 915 (1951).
The case before us is like Walling, not Finch. Although a constructive trust does not, at least in theory, alter the deed to make it void, it does not change the fact that the alleged interests of the appellants would still have to be withdrawn from the estate.
The decision of the trial court is therefore affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, JONES and EMBRY, JJ., concur.

.Tit. 7, § 433, Code of Alabama 1940, Recompiled 1958:
“Competency of parties as affected by interest. — In civil suit and proceedings, there must be no exclusion of any witness because he is a party, or interested in the issue tried, except that no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding, or when such deceased person, at the time of such transaction or statement, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced, unless called to testify thereto by the party to whom such interest is opposed, or unless the testimony of such deceased person in relation to such transaction or statement is introduced in evidence by the party whose interest is opposed to that of the witness, or has been taken and is on file in the cause. No person who is an incompetent witness under this section shall make himself competent by transferring his interest to another.

.P. M. Cannon died intestate on July 14, 1928, leaving the following survivors and heirs at law:
1. His widow, Mary Elizabeth Cannon.
2. A son, Joe C. Cannon, who died April 17, 1943, intestate leaving surviving him his widow, Elgie Cannon (appellant), sons Walter Col-burn Cannon (appellant) also known as Joe B. Cannon, Tony F. Cannon (appellant), Terry Wayne Cannon (appellant), and a daughter Patricia A. Cannon, now Patricia C. Shiflett (appellant).
3. A daughter, Edna Cannon Kent (appel-lee), presently married to Raleigh B. Kent (ap-pellee).
4. A son, Emmett S. Cannon, who died intestate on May 20, 1974, leaving surviving him his widow, Olera V. Cannon (appellee), and three daughters, Mary C. Gray (appellee), Virginia C. Fisher (appellee), and Barbara C. Thompson (appellee).
5. A son, Walter B. Cannon (appellee, individually and as executor of Mary Elizabeth Cannon’s estate), whose present wife is Pauline Cannon (appellee).
6. A daughter, Katherine Cannon, now Katherine Cannon Taylor Hardy (appellee).
7. A son, Preston M. Cannon (appellee), whose present wife is Ida Lee Cannon (appel-lee).

. A part of the suit which has not been appealed is a counterclaim filed by Preston, Katherine, and Ida Lee Cannon, the wife of Preston, who sought to have the trust declared void for lack of a proper purpose and to have the real estate vest directly in the beneficiaries of the trust.