Valerie J. Lappan filed an action against Laveina M. Lovette, seeking to have a portion of a probate court judgment set aside as void. The probate court judgment awarded to Lovette a life estate in the northern one-half of a 160-acre tract of real property owned by her husband, Virgil G. Lovette (decedent), who had died intestate on June 21, 1975. The award of the life estate was made in satisfaction of Lovette's claims to a homestead interest. The part of the probate court judgment awarding that life estate in the northern one-half of the property is not challenged by Lappan.
In addition to granting the life estate, however, the probate court judgment also awarded to Lovette fee simple interest in *Page 895 
the southern one-half of the 160-acre tract. According to the judgment, this fee simple award was made in satisfaction of Lovette's claim to a dower interest and claims for the value of improvements that she had made (after her marriage to the decedent) to the dwelling located on the property. The part of the judgment relating to the southern one-half of the property is the subject of the suit filed by Lappan.
Prior to filing the present action, Lappan (then known as Valerie Springer), the decedent's daughter by a previous marriage, appealed from the probate court judgment to the circuit court, pursuant to the provisions of § 12-22-21(5), Ala. Code 1975. On January 14, 1983, the circuit court set aside that part of the probate court judgment relating to the southern one-half of the decedent's property. Lovette then appealed from the circuit court's judgment to this Court. On that appellate review, we found that Lappan's appeal to the circuit court had not been filed within 42 days after the entry of the judgment of the probate court, as mandated by §12-22-21(5), and that the circuit court, therefore, was without jurisdiction to hear the case. We held that the circuit court judgment setting aside the probate court judgment was coram nonjudice and void, and we dismissed the appeal. See Lovette v.Springer, 444 So.2d 850 (Ala. 1984).[1]
Thereafter, the circuit court set aside its judgment. Lappan then filed the present action in the circuit court, directly attacking the probate court judgment. Lovette filed an answer to Lappan's complaint and later amended her answer to assert a counterclaim seeking to have a constructive trust impressed in favor of her and her children upon 120 acres of the 160-acre tract.
Following an ore tenus proceeding, the circuit court entered a final judgment setting aside that part of the probate court judgment vesting in Lovette fee simple title to the southern one-half of the 160-acre tract. The circuit court also granted the relief sought by Lovette in her counterclaim. Specifically, the circuit court awarded to Lovette fee simple title to the decedent's house and 40 acres of land surrounding it, gave Lovette's two children by a previous marriage fee simple title to 80 acres, and awarded the remaining 40 acres to Lappan in fee simple. Both Lappan and Lovette appeal.
The two primary issues in this appeal are whether the circuit court was correct in setting aside that part of the probate court judgment awarding Lovette a fee simple interest in the decedent's house and one-half of the 160-acre tract, and whether the circuit court correctly awarded Lovette and her two children fee simple title in a total of 120 acres of the 160-acre tract by way of a constructive trust.
Before turning to our analysis of the issues, we note that the record reveals the following pertinent facts: At the time Lovette and the decedent were married, the decedent owned a 160-acre tract of land in Choctaw County that was encumbered by a mortgage. The amount owing on the mortgage was slightly over $2,200. Although the decedent had begun construction of a house on the southeast one-quarter of the southern one-half of the property, the house was only partially completed when Lovette married the decedent. When the couple married, Lovette contributed her personal funds toward the completion of the house and toward the retirement of the mortgage. In return, she said, the decedent allegedly agreed to make a will devising the house and 40 acres of land to her, 40 acres of land to each of her two children from a previous marriage, and 40 acres of land to Lappan. During the years between Lovette's marriage to the decedent in 1971 and the decedent's death in 1975, Lovette spent approximately $15,000 of her savings and her personal earnings on improvements to the property. However, the decedent, who was killed in a tractor accident, died without making a will.
The first issue raised in this appeal is whether the circuit court correctly set aside that part of the probate court judgment vesting in Lovette fee simple title in the *Page 896 
decedent's house and one-half of the 160-acre tract in satisfaction of her then existing statutory right to dower. Lappan asserts that the probate court judgment was void to the extent that it awarded a fee simple interest and was, therefore, properly set aside by the circuit court.
Initially, we wish to clarify that we are not to be understood as indicating that the action of the probate court (awarding fee simple title to real property in satisfaction of dower) is at long-last appealable. Time has closed the opportunity for review; however, because an attempt by the probate court to assume jurisdiction beyond its statutory powers is void, State v. Grayson, 220 Ala. 12, 123 So. 573
(1929), its action is susceptible to a direct attack in the circuit court. This is the present state of the matter.
Section 12-13-1(b)(5), Ala. Code 1975, gives the probate court original and general jurisdiction over the sale and disposition of the real and personal property comprising an intestate's estate. Furthermore, at the time of the decedent's death, probate courts were specifically vested with the jurisdiction to allot dower interests. See § 12-13-1(b)(8). The statutory right to dower, which has since been abolished, was still intact at the time of the decedent's death. §§ 43-5-1 through 43-5-5, Ala. Code 1975, repealed by § 43-8-57, effective January 1, 1983.
Dower was defined as a life estate for the widow in a certain portion of her husband's real estate to which she had not relinquished her right during the marriage. The land subject to the wife's dower interest included all land of which the husband was seised during the marriage. If the decedent left lineal descendants, a widow was entitled to a one-third interest in the real property that was subject to dower.
Our first conclusion is that the part of the judgment awarding the fee simple interest to Lovette clearly exceeded the statutory authority of the probate court to set aside a dower interest. This conclusion rests upon the limited jurisdiction of the probate court as provided by statute.See Wallace v. State, 507 So.2d 466 (Ala. 1987). The probate court cannot take jurisdiction of a cause or administer remedies except as provided by statute. Longshore v. City ofHomewood, 277 Ala. 444, 171 So.2d 453 (1965). The probate court is a court of law and, therefore, generally does not possess jurisdiction to determine equitable issues. Byars v. Mixon,292 Ala. 657, 299 So.2d 259 (1974); Sharpe v. Booker, 263 Ala. 592,83 So.2d 313 (1955).
In this case, it is apparent that the probate court was attempting to use its statutory jurisdiction to allot dower interests to grant Lovette equitable relief based on her claims that she had made improvements to the house and to the land in reliance on the decedent's inter vivos promise to make a will conveying the property to her and to her children. However, the actions by the probate court were not authorized by any statutory grant of power. Therefore, we find that the circuit court correctly set aside that portion of the probate court judgment awarding Lovette a fee simple title to the southern one-half of the 160-acre tract.
The second issue presented is whether the circuit court correctly awarded to Lovette and to her two children fee simple interest in the decedent's real property through her constructive trust counterclaim. Lappan argues that the circuit court erred in impressing a constructive trust on the property, because, she argues, the only evidence relating to the alleged agreement between Lovette and the decedent was Lovette's own testimony concerning her conversations with the decedent. Lappan asserts that the admission of Lovette's testimony regarding the alleged agreement violated the Dead Man's Statute.
The Alabama Dead Man's Statute, § 12-21-163, Ala. Code 1975, provides, in pertinent part:
 "[N]o person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with, or statement by, the deceased person whose estate is interested *Page 897 
in the result of the action or proceeding. . . ."
The policy objective underlying this statute is to prevent testimony by living witnesses as to transactions with a person who is no longer alive to contradict such testimony.Walling v. Couch, 292 Ala. 33, 288 So.2d 435 (1973).
The competency of a witness under the Dead Man's Statute is dependent upon the nature of the action and upon whether the estate of the deceased is interested in the proceeding; if the estate is not interested in the outcome of the proceeding, there is no incompetency under the section. Niehuss v. Ford,251 Ala. 529, 38 So.2d 484 (1949). An estate is not "interested," within the meaning of the Dead Man's Statute, in disputes between rival claimants to the estate. Kemp v.Kroutter, 531 So.2d 854 (Ala. 1988). Therefore, where the estate of the deceased cannot be increased or diminished by the testimony, the evidence is not barred. See Finch v. York,294 Ala. 382, 318 So.2d 249 (1975).
In the instant case, Lovette would have us characterize this case as a dispute between rival claimants to an estate that cannot be increased or diminished by her testimony. Here, however, rather than attempting to establish her claim to the decedent's property under the applicable laws of intestacy, Lovette sought to establish her claim through the imposition of a constructive trust. The imposition of a constructive trust would cause the property to pass to Lovette outside the estate, thereby diminishing the estate. In light of this, we conclude that the estate of the decedent was "interested" within the meaning of the Dead Man's Statute and that the circuit court, therefore, improperly admitted Lovette's testimony regarding statements by, or transactions with, the decedent concerning their alleged agreement. See C. Gamble, McElroy's AlabamaEvidence § 102.01 (3d ed. 1977).
In support of our holding, we find two prior decisions instructive. In Cannon v. Cannon, 345 So.2d 288 (Ala. 1977), we held that testimony seeking to reform a deed to the deceased or to establish a constructive trust in the property deeded was barred by the Dead Man's Statute. Furthermore, in Walling v.Couch, supra, we held that the Dead Man's Statute, in an action seeking to impose a constructive trust, barred testimony by a husband regarding an alleged agreement with his deceased wife whereby she promised to convey to him the proceeds of the sale of a parcel of real property.
In both Cannon and Walling, as in the present case, if the testimony had been allowed and a constructive trust been imposed, the property in dispute would have passed outside the estate, thereby diminishing the estate and making the estate an interested party. Therefore, we hold that the Dead Man's Statute rendered incompetent all testimony by Lovette concerning conversations between her and the decedent respecting an alleged agreement to devise the property. In view of the fact that the only evidence in the record supporting the circuit court's imposition of a constructive trust was testimony given by Lovette in violation of the Dead Man's Statute, we find that the circuit court erred in imposing a constructive trust.
In consideration of the foregoing, the judgment of the circuit court is due to be affirmed to the extent that it sets aside that part of the probate court judgment awarding Lovette a fee simple interest in the southern one-half of the 160-acre tract and in the house located thereon. However, the judgment of the circuit court is due to be reversed to the extent that it imposes a constructive trust on the decedent's property, and the cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] In that first appeal, Lovette's first name was erroneously spelled "Lavenia." *Page 898