MURDOCK, Justice.
Donald E. Hughes (“Don”) and John H. Hughes (“John”) appeal from a judgment of the Houston Circuit Court vacating a deed and imposing a constructive trust upon real property formerly owned by Henry C. Hughes (“Henry”) and Emma Lucille Hughes (“Emma”), both of whom are deceased. Because we conclude that the circuit court never acquired jurisdiction of the claim at issue, we vacate the judgment and dismiss the appeal.

I. Facts and Procedural History

Henry and Emma, who was born in December 1918, had five children: daughters Robbie Jean Branton (“Robbie”) and Sarah Spears (“Sarah”) and sons Billy Joe Hughes (“Billy Joe”), Don, and John. Emma and Henry owned approximately 100 acres of real property in Dothan, which they farmed (“the farm”). At the time of trial, the farm had a value of $582,500 according to a recent ad valorem tax assessment.
In 1988, Henry died and Emma became the sole owner of the farm. After Henry’s death, Emma executed a purported will (“the 1988 will”). The 1988 will provided that Emma’s estate would pass upon her death to her five children “to be divided equally, agreeably and peaceably.” The 1988 will named Don as personal representative of the estate, and it named John as successor personal representative.
In 1995, Emma executed a second purported will (“the 1995 will”). The 1995 will revoked all earlier wills and provided that Emma’s estate would pass upon her death to her five children “to be divided among them in such a manner as my Co-[personal representatives] may determine and such divisions need not be equal.” The 1995 will named Don and John as co-personal representatives of the estate. At the same time she executed the 1995 will, Emma also executed a durable power of attorney naming Don and John as co-attorneys-in-fact.
In February 1997, Emma executed a deed that transferred the farm to Don and John, subject to a life estate in favor of Emma (“the 1997 deed”).[1]
In 1998, after Emma sustained a fall in her home, Don moved Emma into an assisted-living facility. Later that year, she was moved into a nursing home.
In November 1999, Don and John, as co-attorneys-in-fact for Emma, executed a deed transferring Emma’s life estate in the farm to Don (“the 1999 deed”).
Emma died in 2008, after which Don met with Emma’s other children. In the meeting, Don gave each sibling a copy of the power of attorney, the 1995 will, and the 1997 deed. At the meeting, Don stated that he and John owned the farm and that they were not going to give any portion of the farm to Robbie, Billy Joe, or Sarah.
In January 2005, Robbie and Billy Joe filed in the Houston Probate Court a petition to probate the 1995 will for the purpose of contesting it. See Hooper v. Huey, 293 Ala. 63, 68, 300 So.2d 100, 104-05 (1974) (noting that the same person may both initiate a proceeding to probate a will and contest the will at issue), overruled in part on other grounds, Bardin v. Jones, 371 So.2d 23, 26 (Ala.1979). The *1024 petition also included a claim to set aside the 1997 deed. Robbie and Billy Joe attached a copy of the 1995 will to their petition, and they requested that the probate court order Don and John to produce the original of Emma’s 1995 will.
In regard to the will contest, Robbie and Billy Joe alleged that the 1995 will was ambiguous, that Emma lacked testamentary capacity when she executed the 1995 will, and that she was the subject of fraud or undue influence by Don and John. Robbie and Billy Joe requested that, upon receipt of an answer from Don and John, the probate court transfer “this entire matter” to the Houston Circuit Court. Robbie and Billy Joe also requested that either the probate court or the circuit court require an inventory as to the real and personal property composing Emma’s estate. Further, they requested that “the appropriate Court remove [Don and John] as the administrators of the estate,” though the record does not reflect the appointment of any “administrators of the estate.”[2]
In regard to the 1997 deed, Robbie and Billy Joe alleged that Emma lacked the capacity to execute the 1997 deed or that she was the subject of undue influence by Don and John in regard to the 1997 deed. Robbie and Billy Joe also alleged that Don and John
“committed a fraud on [Robbie and Billy Joe] in this matter ... by concealing the [1997 deed], and by continually indicating, both prior to, and upon the death of [Emma], that [Robbie and Billy Joe] ... were due a proprietary disposition in accordance with the [1995 will].”
Robbie and Billy Joe requested that the 1997 deed be set aside and that “any encumbrance or collateralization of [the farm] which may have already occurred, due to actions taken by [Don and John] since the execution of the [1995 will], ... be satisfied immediately.”[3]
In addition to their petition, Robbie and Billy Joe also filed in the probate court a “Request for Removal to Circuit Court.” The removal request alleged that Robbie and Billy Joe had filed a petition contesting the 1995 will and that,
“pursuant to the provisions of law, the Petitioners/Contestants demand that the probate proceeding be transferred and removed from the Probate Court of Houston County to the Circuit Court of Houston County, Alabama, in order that this matter may be fully adjudicated.”
Upon receipt of the petition, the probate court entered an order directing Don and John to produce the 1995 will. Thereafter, the attorney for Don and John filed an appearance in the probate court, and the original will was delivered to that court. In conjunction with the delivery of the 1995 will, Don and John filed a petition for letters testamentary and an answer to the petition filed by Robbie and Billy Joe. Don and John denied the allegations in the Robbie and Billy Joe’s petition as to their alleged wrongful acts regarding the procurement of the 1995 will and the 1997 deed.
*1025 In February 2005, the probate court entered an order transferring “the proceeding” to the circuit court.[4] According to an index in the record before us, the probate court’s “file” that was transferred to the circuit court consisted of the following:
“1. Copy of Last Will and Testament of [Emma] Lucille Crutchfield Hughes[;]
“2. Petition to Probate Will, Contest Will and Vacate Deed w/Exhibit ‘A’, ‘B’, ‘C’, ‘D’, ‘E’, & ‘F’[;]
“3. Request for Removal to Circuit Court[;]
“4. Order to Produce Will w/proof of service on Donald E. Hughes & John H. Hughes[;]
“5. Entry of Appearance of Reginald A. Rhodes[, the attorney for Don and John;]
“6. Original Will of [Emma] Lucille Crutchfield Hughes[;]
“7. Petition for Letters Testamentary and Answer to Petition to Contest Will and Vacate Deed[;]
“8. Alabama Certificate of Death[;]
“9. Order (to Transfer to Circuit Court).”
After the probate court transferred its file to the circuit court, Robbie and Billy Joe filed an answer in that court alleging that the issuance of letters testamentary to Don and John would be premature. Also, Robbie and Billy Joe filed a motion requesting that the circuit court stay the issuance of letters testamentary pending resolution of the issues raised in the petition.
In March 2005, based on an agreement of the parties, the circuit court stayed the case “until further notice.” Approximately one year later, the parties began to engage in discovery, which continued sporadically over the next several years.
In February 2010, Don and John filed a motion for a summary judgment and Robbie and Billy Joe filed a response to the motion. In April 2010, the circuit court entered an order denying the motion for a summary judgment and bifurcating, for purposes of trial, the will contest and the request to vacate the 1997 deed. Reasoning that “[i]f the deed is valid, the decedent would not own any real property subject to the will,” the circuit court set the claim to set aside the 1997 deed for a nonjury trial and set the will contest for a jury trial.
In October 2010, Robbie and Billy Joe filed a motion to amend their petition. The circuit court granted the motion. The amended petition added allegations that Emma had conveyed the farm to Don and John “in order save the property from being surrendered to Medicaid should the necessity to enter a nursing home arise.” Robbie and Billy Joe further alleged that Don and John held the farm “as trustees for [Emma] and other members of the family” and that after Emma’s death Don and John “claimed the property for themselves outright without regard for the trust interest of the remaining family members.” Robbie and Billy Joe requested that the circuit court “declare the deed to [Don and John] to be a Deed in Trust and [Don and John] trustees of the property for all the natural heirs.”
The circuit court subsequently held a nonjury trial concerning the claim to set aside the 1997 deed. After the trial, the court ordered the respective attorneys “to brief the issue of a constructive trust.” *1026 After receiving the requested briefs, the circuit court entered an order that concludes as follows:
“It is stated in Brothers v. Moore, 349 So.2d 1107, 1108 (Ala.1977):
“ ‘A constructive trust is a creature of equity which operates to prevent unjust enrichment. A constructive trust will be found when property has been either acquired by fraud, or where in the absence of fraud it would not be equitable to allow it to be retained by him who holds it. (Emphasis supplied.)’
“Additionally, a constructive trust has been imposed where a confidential relation exists. In Cole v. Adkins, 358 So.2d 447, 450 (Ala.1978) the Court opined:
“ ‘A constructive trust will also be imposed upon property whenever the circumstances under which it was acquired make it inequitable that it should be retained by the holder of legal title provided some confidential relationship exists between the grant- or and grantee; and provided the imposition of a trust is necessary to prevent a failure of justice. “... However, actual or intentional fraud is not an essential element of a constructive trust ... a constructive trust may be imposed to prevent unjust enrichment, without regard to actual fraud ...” 89 C.J.S. Trusts § 139.’
“This Court finds a confidential relationship existed between [Emma] and her two sons — Don[ ] and John.... This finding is based on [Emma’s] advanced age, questions raised about her diminished capacity, her frailty and her reliance on her two sons to conduct her business affairs. Two other facts are pivotal. The fact she had to get the property out of her estate for Medicaid purposes and the fact that as late as 1995 she still bequeathed all her property to her five children although not in equal shares.
“[Don and John] failed to rebut this presumption which arises from this confidential relationship....
“Based on the foregoing this Court finds as follows:
“1. That a constructive trust exists in favor of all five children as to the property in question; and
“2. That the Petitioners may go forward on their will contest for a jury to decide.”
Don and John filed a motion requesting that the circuit court certify this order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. The circuit court granted the motion, and Don and John appealed. Because we conclude that the circuit court did not acquire jurisdiction over the claims concerning the 1997 deed, we pretermit any discussion of the arguments made by Don and John on appeal.

II. Analysis

Matters of subject-matter jurisdiction are subject to de novo review. Solomon v. Liberty Nat’l Life Ins. Co., 953 So.2d 1211, 1218 (Ala.2006). “Lack of subject matter jurisdiction may not be waived by the parties” and may be raised ex mero motu. Ex parte Smith, 438 So.2d 766, 768 (Ala.1983).
Robbie and Billy Joe filed their will-contest petition in the probate court pursuant to § 43-8-190, Ala.Code 1975. Section 43-8-190 states:
“A will, before the probate thereof, may be contested by any person interested therein, or by any person, who, if the testator had died intestate, would have been an heir or distributee of his estate, by filing in the court where it is offered for probate allegations in writing that the will was not duly executed, or of *1027 the unsoundness of mind of the testator, or of any other valid objections thereto; and thereupon an issue must be made up, under the direction of the court, between the person making the application, as plaintiff, and the person contesting the validity of the will, as defendant; and such issue must, on application of either party, be tried by a jury.”
Included in Robbie and Billy Joe’s will-contest petition, however, was a separate claim requesting that the probate court set aside the 1997 deed. The judgment as to this latter claim, not the will contest, is the only matter before us.
As a preliminary matter, we note that a claim to set aside a deed for lack of mental capacity or undue influence is equitable in nature. See, e.g., Anderson v. Anderson, 399 So.2d 831, 833 (Ala.1981). Likewise, the declaration of a constructive trust, which was the relief granted by the circuit court, is an equitable remedy. See, e.g., Seals v. Seals, 423 So.2d 222, 224 (Ala.1982).
Although the legislature has clothed a few probate courts with equity jurisdiction as to certain proceedings, see, e.g., Regions Bank v. Reed, 60 So.3d 868, 878 & n. 8 (Ala.2010); Jett v. Carter, 758 So.2d 526, 529 & 530 n. 5 (Ala.1999), the Houston Probate Court is not among those courts.[5] Accordingly, the probate court had no jurisdiction to adjudicate the claim to set aside the 1997 deed.[6] A probate court “cannot take jurisdiction of a cause or administer remedies except as provided by statute.” Lappan v. Lovette, 577 So.2d 893, 896 (Ala.1991); see Ala.Code 1975, § 12-13-1 (specifying the subject-matter jurisdiction of probate courts generally).
Furthermore, it is well established that “ ‘ “[ujnless expressly authorized so to do, a court has no authority to transfer a cause from itself to another court, and thereby give the other court possession of the case to hear and determine it, although the other court would have had jurisdiction of the cause if it had come to it by due process.” 21 C.J.S. Courts § 502, p. 769....’” Ex parte Boykin, 611 So.2d 322, 326 (Ala.1992) (quoting Allen v. Zickos, 37 Ala.App. 361, 364, 68 So.2d 841, 843 (1953)). Although the probate court purported to transfer the entire proceeding, i.e., both the will contest and the claim to set aside the 1997 deed, to the circuit court, § 43-8-198, Ala.Code 1975, authorizes only the transfer of the will contest.[7] *1028 Accordingly, the probate court could not properly transfer the claim contesting the 1997 deed to the circuit court.
Although circuit courts have equity jurisdiction, a party must invoke that jurisdiction by filing an action in that court, see Rule 8(a), Ala. R. Civ. P., or by obtaining a proper transfer of an action from another court, see, e.g., DuBose v. Weaver, 68 So.3d 814, 821 (Ala.2011). Neither occurred as to the claim to set aside the 1997 deed.
Nor can we consider Robbie and Billy Joe’s amendment to their petition, which was filed in the circuit court, as effective to invoke the equity jurisdiction of the circuit court over the claim to set aside the 1997 deed. Based on settled precedent, a circuit court may not include with its adjudication of a transferred will contest an adjudication of claims that are not part of that contest. When a will contest has been transferred from the probate court to the circuit court, “ ‘the jurisdiction conferred on the circuit court is statutory and limited,’ ” and “ ‘[t]he jurisdiction and authority of the circuit court is limited to the trial of the issues presented by the contest after which the case must be certified back to the probate court.’” Bardin v. Jones, 371 So.2d 23, 26 (Ala.1979) (quoting Thigpen v. Walker, 251 Ala. 426, 429, 37 So.2d 923, 925-26 (1948)); see also § 43-8-198; Nottage v. Jones, 388 So.2d 923, 925 (Ala.1980) (as to will contests transferred to circuit court, “grant of jurisdiction is limited”). In exercising its jurisdiction over a will contest, the circuit court may consider those issues that are “presented in an appropriate pleading under the Rules of Civil Procedure, provided those issues can properly be raised in a will contest.” Bardin, 371 So.2d at 26; see also Allen v. Pugh, 206 Ala. 10, 12, 89 So. 470, 472 (1921) (will contest in the circuit court, formerly the chancery court, is “an extension of the right to contest in the probate court”).
Because the circuit court’s jurisdiction has not been properly invoked as to the claim to set aside the 1997 deed, its judgment as to that claim is void. See Johnson v. Hetzel, 100 So.3d 1056, 1057 (Ala.2012) (holding that failure to satisfy a jurisdictional prerequisite renders a judgment void). A void judgment will not support an appeal. Id. It is this Court’s obligation to vacate such a judgment and dismiss the appeal. Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 898 (Ala.2008).
Based on the foregoing, the circuit court’s judgment is hereby vacated and the appeal dismissed.
JUDGMENT VACATED; APPEAL DISMISSED.
*1029 STUART, BOLIN, PARKER, SHAW, MAIN, WISE, and BRYAN, JJ., concur.
MOORE, C.J., dissents.

. According to the circuit court’s judgment, the evidence reflected that "the family needed to get the [farm] out of [Emma’s] name because of Medicaid requirements.”

. Sarah was not made a party to the case. During the trial, one of the attorneys for Don and John informed the trial court that Sarah, who had allegedly received substantial gifts from Emma, “didn't want to participate" in the litigation. Robbie also testified that Sarah "didn’t wish to join in” the litigation.

. Don and John had mortgaged the property to pay for Emma’s nursing-home expenses until such time as she might qualify for Medicaid benefits. See generally Hugh M. Lee & Jo Alison Taylor, Alabama Elder Law § 13:34 (2008) (discussing the restrictions on an institutionalized person's giving away of assets in an effort to qualify for Medicaid benefits).

. In an order denying a motion for a summary judgment filed by Don and John, the circuit court stated: “The Plaintiffs filed a petition to probate will, contest will and vacate deed in the probate court of Houston County, Alabama on January 5, 2005. The case was transferred to the circuit court.”

. As this Court stated in Lappan v. Lovette, 577 So.2d 893, 896 (Ala.1991): "The probate court is a court of law and, therefore, generally does not possess jurisdiction to determine equitable issues.”

. Also, we note that the probate court did not initiate an estate administration as to Emma’s estate, and, even if it had done so, the estate administration was not removed from the probate court by the circuit court. See DuBose v. Weaver, 68 So.3d 814, 821 (Ala.2011) (“[T]he administration of an estate does not begin merely upon the filing in the probate court of a petition for letters of administration or of a petition for probate of a will and for letters testamentary.... ‘[T]he probate court must act upon the petition and thereby activate the proceedings, which may thereafter be subject to removal to the circuit court.’ ” (quoting Ex parte Smith, 619 So.2d 1374, 1376 (Ala.1993))).
Even if an estate administration had been initiated and properly removed, the claim to set aside the 1997 deed, as pleaded, would not have been a part of the estate administration itself because that claim does not concern any actions that Don and John took or failed to take in regard to the administration of Emma’s estate. Don and John have not been appointed to administer Emma’s estate, and the only wrongdoing alleged against them involves actions they took during Emma’s lifetime.

."Upon the demand of any party to the contest, made in writing at the time of filing the initial pleading, the probate court, or *1028 the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made, and must certify all papers and documents pertaining to the contest to the clerk of the circuit court, and the case shall be docketed by the clerk of the circuit court and a special session of said court may be called for the trial of said contest or, said contest may be tried by said circuit court at any special or regular session of said court. The issues must be made up in the circuit court as if the trial were to be had in the probate court, and the trial had in all other respects as trials in other civil cases in the circuit court.... After a final determination of the contest, the clerk of the circuit court shall certify the transcript of all judgments of the circuit court in such proceedings, together with all of the papers and documents theretofore certified to the circuit court by the probate court, back to the probate court from which they were first certified to the circuit court, and thereafter shall be recorded in the probate court as all other contested wills are recorded in the probate court.”
§ 43-8-198, Ala.Code 1975.