Gerald Boswell, executor of the estate of S.C. Boswell, appeals from a final judgment holding that Appellee, Marjorie Boswell, by virtue of common law marriage to S.C. Boswell, was the widow of S.C. Boswell and, thus, was entitled to the statutory allotments due a widow in Alabama. We affirm.
The trial court, after hearing testimony without a jury, entered a final decree, which reads, in part:
 "Marjorie brings this action to obtain the allotments due a widow. The Executor of the Estate of S.C. Boswell objects upon the ground that Marjorie is not the widow of S.C.
 "The conflict in the evidence relates to the issue of whether a common law marriage existed between Marjorie and S.C. after removal of any impediment to a lawful union.
 "The court has considered the evidence as it relates to the conduct of Marjorie and S.C. over the approximate 37 or 38 years of living together to determine the attitude of each with respect to marriage. *Page 480 
 "The court concludes from the conflicting evidence that by habit, repute, and cohabitation Marjorie Boswell and S.C. Boswell lived in matrimonial cohabitation and she is entitled to the allotments due a widow of S.C. Boswell."
This Court has recently reaffirmed the requirements for a common-law marriage in Alabama in Etheridge v. Yeager,465 So.2d 378 (Ala. 1985). In that opinion, citing various cases as precedent, we held that while no ceremony or particular words are necessary, there are common elements which must be present, either explicitly expressed or implicitly inferred from the circumstances, in order for a common-law marriage to exist. Those elements are: 1) capacity; 2) present, mutual agreement to permanently enter the marriage relationship to the exclusion of all other relationships; and 3) public recognition of the relationship as a marriage and public assumption of marital duties and cohabitation. Etheridge v. Yeager, at 465 So.2d 379-80. See, also, Mattison v. Kirk, 497 So.2d 120 (Ala. 1986).
Appellant argues, however, that the evidence before the trial court negated any finding of a common-law marriage between Marjorie and S.C. Boswell. Appellant contends that because Marjorie and Arthur Fair were ceremonially married in 1944 and were never divorced, and because Marjorie did not begin living with S.C. until 1946, they did not make a present agreement, in good faith, to live together as husband and wife, nor were theycapable of doing so. Appellant bases his contention on several Alabama cases.
In Golden v. Golden, 360 So.2d 994 (Ala.Civ.App. 1978); cert. denied, 360 So.2d 996 (Ala. 1978), the Court of Civil Appeals held:
 "To constitute a common-law marriage there must have been an agreement, a mutual understanding, words of assent to presently enter into the marriage relationship. [Citations omitted.] The parties must be then capable in law of making a marriage contract. Beck v. Beck, [286 Ala. 692, 246 So.2d 420 (1971)]; Turner v. Turner, 251 Ala. 295, 37 So.2d 186 (1948). There must follow a public recognition of the existence of the marriage. [Citations omitted.]" (Emphasis supplied.) Golden v. Golden, 360 So.2d at 995.
The Beck and Turner decisions, cited in Golden, hold:
 "The man and the woman must be capable in law of making a marriage contract." Beck, 286 Ala. at 697, 246 So.2d at 425.
 "We stress that to constitute [a common-law] marriage there must first have been a present agreement [emphasis in original] between a man and a woman, eligible to enter such relationship [emphasis supplied], to take each other as man and wife; and then this must be followed by cohabitation or the mutual assumption openly of marital duties and obligations." Turner, 251 Ala. at 297, 37 So.2d at 188.
We do not argue with these decision, nor with Appellant's argument that both a present agreement to live together as husband and wife and the capacity to so agree are requisites of a legal common-law marriage. Yet, it is equally true that the record reflects undisputed evidence that Arthur Fair died in June 1983, and that Marjorie and S.C. continued to live together for more than one year until S.C.'s death in 1984. Therefore, upon the death of Arthur Fair, any impediment to the common-law marriage of S.C. Boswell and Appellee ceased to exist. See Walker v. Walker, 218 Ala. 16, 117 So. 472 (1928). S.C. Boswell and Appellee continued to live together, holding themselves out as husband and wife, following Arthur Fair's death, thereby mutually agreeing to a common-law marriage. SeeBarnett v. Barnett, 262 Ala. 655, 80 So.2d 626 (1955); Walkerv. Walker, supra.
The determination of whether a relationship between a man and a woman was intended as a common-law marriage is made on the facts of a particular case, with regard to the situation and circumstances of the individuals involved. Beck v. Beck, supra;Goodman v. McMillan, 258 Ala. 125, *Page 481 61 So.2d 55 (1952); Turner v. Turner, supra. See, also,Piel v. Brown, 361 So.2d 90 (Ala. 1978).
Here, the trial court, after reviewing all the evidence, resolved the conflict in the facts before it and reached its decision. Our review of that decision on appeal is guided by the ore tenus rule. Because we find that the trial court's order "is fairly supported by credible evidence under [a] reasonable aspect [of this case], and is not palpably wrong or manifestly unjust," (Whitt v. McConnell, 360 So.2d 336, 337
(Ala. 1978)), that order is presumed correct and we may not substitute our judgment for that of the trial court, which heard and weighed the evidence "first hand." See, also, Lutherv. M M Chemical Co., 475 So.2d 191 (Ala.Civ.App. 1985).
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.