The Montgomery County Circuit Court, after receiving ore tenus evidence, revoked *Page 1063 
the letters of administration on the estate of Lawrence Jones, deceased, which had been previously granted to Beverly F. Downs. The trial court found that at the time of Jones's death, he was the husband of Eva Newman by common-law marriage. The trial court further found that Newman, as the widow of Jones, was entitled to priority in the grant of letters of administration for his estate in accordance with § 43-2-42, Code 1975. Downs appeals. We affirm.
The ore tenus rule is our standard of review. We assume that the trial court's findings are correct, and its judgment based upon those findings will not be disturbed unless palpably wrong, without any supporting evidence, or manifestly unjust.Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala. 1985).
After a two-year engagement, Newman, a single woman, moved into the house of Jones, a single man. Newman testified that thereafter she considered herself to be Jones's common-law wife. Four of their neighbors and three of Jones's relatives testified that they had heard Jones either introduce or refer to Newman as his wife. Jones and Newman shared household duties and living expenses. Neither of them dated or had sexual relations with other parties. Approximately a year and nine months after they began their cohabitation, Jones and Newman went into a church in Ozark, Alabama, knelt at the altar, exchanged rings, and pledged to each other that they would remain together until the death of one of them. This they did. Jones on occasion wore a wedding band. After they had cohabited for over two years, Jones obtained insurance upon his life, designating Newman as his beneficiary. He told the agent that Newman was his wife, but in completing the application for the insurance he designated himself as "single." At a point during their cohabitation, Jones and Newman designated themselves as single individuals when they executed a loan application and a mortgage. Neither Jones's death certificate nor his obituary showed Newman as his widow. Jones and Newman filed individual federal and state income tax returns.
Assuming both parties had the legal capacity to marry, no particular ceremony or words were necessary to establish a common-law marriage. To establish such a marriage, there first must have been an agreement to enter into the marriage relationship, permanent and exclusive of all others. There was evidence to support this. The agreement must have been followed by public recognition of the existence of the marriage or mutual assumption openly of the marital duties and obligations.Skipworth v. Skipworth, 360 So.2d 975 (Ala. 1978); see also Beckv. Beck, 286 Ala. 692, 246 So.2d 420 (1971), and Etheridge v.Yeager, 465 So.2d 378 (Ala. 1985). There was evidence to support this. Following an agreement between a man and woman to live as husband and wife, they must so live as to gain the recognition of the public that they indeed are living together as husband and wife rather than in a state of concubinage.Beck, supra, 286 Ala. at 698, 246 So.2d at 426. The manner in which a couple must live in order to gain the recognition of the public is well stated in Maryland v. Baldwin, 112 U.S. 490,5 S.Ct. 278, 28 L.Ed. 822 (1884):
 " 'But where no such ceremonies are required, and no record is made to attest the marriage, some public recognition of it is necessary as evidence of its existence. The protection of the parties and their children, and considerations of public policy, require this public recognition; and it may be made in any way which can be seen and known by men, such as living together as man and wife, treating each other and speaking of each other in the presence of third parties as being in that relation, and declaring the relation in documents executed by them whilst living together, such as deeds, wills, and other formal instruments. . . .' " (Emphasis added.)
112 U.S. at 495, 5 S.Ct. at 280-281, cited with approval by this Court in Gilbreath v. Lewis, 242 Ala. 510, 7 So.2d 485
(1942), and later in Piel v. Brown, 361 So.2d 90 (Ala. *Page 1064 
1978). See also, Mattison v. Kirk, 497 So.2d 120 (Ala. 1986); and Boswell v. Boswell, 497 So.2d 479 (Ala. 1986).
Some, but not all, of the aforementioned criteria generally indicative of public recognition are present in this case. Clearly, enough are present that we cannot hold that the trial court's judgment was palpably wrong, without supporting evidence, or manifestly unjust. Therefore, the trial court's judgment should be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.