ALMON, Justice.
The issue in this case is whether the probate court erred in finding that Kathryn K. Steele was the common law wife of William C. Steele at the time of his death.
Julia Steele petitioned for and was granted letters of administration on the estate of her deceased uncle, William C. Steele. Kathryn K. Steele filed a petition to be declared the widow of William C. Steele, alleging:
“Petitioner and deceased were married in Jefferson County, Alabama, on November 19, 1984.
[[Image here]]
“Petitioner had been previously married to Leroy Silas and believes that, prior to her marriage to the deceased, there had been a divorce; however, if she [is] mistaken about that, [then, nevertheless,] Leroy Silas had died in December 1985 [sic, 1984] prior to the death of William Coleman Steele. After that date and until the death of William Coleman Steele, the Petitioner and deceased held themselves out as husband and wife.”
The probate court held a hearing in the matter and issued the following order:
“The Court finds that the petitioner, Kathryn K. Steele, married one Leroy *270 Silas in 1959; that three children were born of this marriage; that they separated about the year 1971. David Leroy Silas filed a petition in the Circuit Court for divorce which was later dismissed; that Kathryn K. Steele knew of this divorce petition being filed and according to her testimony, thought the decree had been granted. That on or about November 19, 1984, the Petitioner, Kathryn K. Steele, entered into a marriage ceremony with one William Coleman Steele, the deceased. That in December, 1984, Leroy Silas expired. Kathryn K. Steele continued to live with William Coleman Steele, according to the testimony, as man and wife.
“The Court is of the opinion, and therefore holds, that a common-in-law [sic] marriage existed at the time of the death of William Coleman Steele, and [that] Kathryn K. Steele is declared to be the widow of William Coleman Steele, deceased, and entitled to inherit in his estate.”
This case falls squarely within the following rule:
“It is the well-settled rule that if parties in good faith [attempt to] marry at a time when in fact a legal impediment exists to their marriage, and they continue to live together as husband and wife after the removal of the impediment to their lawful union, the law presumes a common law marriage. Boswell v. Boswell, 497 So.2d 479 (Ala.1986); King v. King, 269 Ala. 468, 114 So.2d 145 (1959); Barnett v. Barnett, 262 Ala. 655, 80 So.2d 626 (1955); Hill v. Lindsey, 223 Ala. 550, 137 So. 395 (1931).”
Rickard v. Trousdale, 508 So.2d 260, 261 (Ala.1987). The record supports the findings and conclusion of the probate court. That court’s judgment is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.