HOUSTON, Justice.
The sole issue presented on this appeal is whether the trial court, after hearing ore tenus evidence and considering a number of exhibits, clearly erred in finding that *727 Candace Smith Garth[1] was not the wife of Curtis Garth (“the deceased”) by common-law marriage at the time of his death.
Under our well-established standard for reviewing ore tenus findings of fact, we assume that the trial court’s findings are correct, and we will not disturb a judgment based on those findings unless it is clearly erroneous. Downs v. Newman, 500 So.2d 1062 (Ala.1986). A full recitation of the evidence in this case would be of little benefit to the bench and bar. Suffice it to say that the trial court heard a great deal of conflicting testimony as to whether each of the elements of a common-law marriage was satisfied. See Downs v. Newman, supra, for a discussion of the elements of a common law marriage in Alabama. Accordingly, because the evidence supports the trial court’s finding that the appellant and the deceased were not married under the common law, we cannot, under our standard of review, hold that its judgment was clearly erroneous.
We note the following two arguments made by the appellant: 1) that the trial court erred in not considering certain medical records and 2) that the trial court erred in allowing testimony with respect to certain language contained in the deceased’s will. With regard to the first argument, we note that the video record of the trial shows that the trial court admitted the medical records into evidence and told the appellant’s attorney that he could argue whatever inferences from those records he chose to argue. The appellant sought to show by those records that certain medical personnel had referred to her as the deceased’s wife and, therefore, that she and the deceased had been recognized by the public as married. The trial court did make it clear, however, that it did not consider the records to have much, if any, probative value in proving public recognition of a marriage between the appellant and the deceased. Thus, it appears to us that the trial court had the records before it but allocated little or no weight to them, in light of all the other evidence. It was the trial court’s function, as factfinder, to weigh the evidence. The fact that the trial court chose to allocate little evidentiary weight to these medical records was not error. As to the second argument, the record indicates that at the time of trial the deceased’s will was the subject of a pending contest. The appellant contends that because of this, no testimony with respect to the language of the will should have been allowed. We find it unnecessary to determine whether this testimony was erroneously admitted into evidence, because, even if it was, our review of the trial court’s findings of fact indicates that the trial court did not base its judgment on any language contained in the will. If any error occurred, it was error without injury. Rule 45, A.R.App.P.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ„ concur.

. Although this case comes to us styled "Candace Smith Garth v. Laura Foster, as adminis-tratrix of the estate of Curtis Garth, deceased,” the record indicates that Candace Smith uses the name Garth only in accordance with her contention that she was the wife of Curtis Garth. Whether she was in fact his wife was the point at issue.