Upon a review of the record in this case, I believe the finding of the trial court that no common law marriage existed between this couple is unsupported by the evidence.
While there is a favorable presumption attending a trial court's findings of fact based on disputed evidence presented orally, no such presumption exists as to the trial judge's application of the law to the facts. Borland v. Sanders LeadCo., 369 So.2d 523, 526 (Ala. 1979). I believe the trial judge misapplied the law to the undisputed facts in reaching the legal conclusion that there was no common law marriage. Our Supreme Court has stated the requirements for a common law marriage as follows:
 "[W]hile no ceremony or particular words are necessary to create a common law marriage, there are common elements which must be present, either explicitly expressed or implicitly inferred from the circumstances for a common-law marriage to exist. Those elements are: 1) capacity; 2) present, mutual agreement to permanently enter the marriage relationship to the exclusion of all other relationships; and 3) public recognition of the relationship as a marriage and public assumption of marital duties and cohabitation."
Boswell v. Boswell, 497 So.2d 479, 480 (Ala. 1986) (citingEtheridge v. Yeager, 465 So.2d 378 (Ala. 1985)).
The majority concludes that the finding of the trial court was correct because, the majority concludes, the record supported a finding that there was no mutual assent to be married. This court has addressed the issue of mutual assent and has held that "no specific words of assent are required" and that "present intention is inferred from cohabitation and public recognition." Waller v. Walter, 567 So.2d 869, 870
(Ala.Civ.App. 1990). The manner in which a couple must cohabit in order to gain public recognition is well stated in Maryland v.Baldwin, 112 U.S. 490, 5 S.Ct. 278, 28 L.Ed. 822 (1884):
 "But where no such ceremonies are required, and no record is made to attest to the marriage, some public recognition of it is necessary as evidence of its existence. The protection of the parties and their children, and considerations of public policy, require this public recognition; and it may be made in any way which can be seen and known by men, such as living together as man and wife, treating each other and speaking of each other in the presence of third parties as being in that relation, and declaring the relation in documents executed by them whilst living together such as deeds, wills and other formal instruments. . . ."
112 U.S. at 495, 5 S.Ct. at 280-81, 28 L.Ed. at 824 (cited with approval by the Alabama Supreme Court in Piel v. Brown,361 So.2d 90 (Ala. 1978), and Downs v. Newman, 500 So.2d 1062
(Ala. 1986)).
The undisputed evidence in this case is that the couple had been living together for 15 years, had filed joint income tax returns, and had produced five children. The youngest two children carry the father's surname and are covered under his health insurance plan. For the majority of the time the couple lived together, Lawrence Stringer provided the financial support and Carolyn Stringer cared for the children at home. There is ample evidence here to support a finding of an intent to be married, on the part of both parties. The record reflects that the couple actually travelled to the courthouse on one occasion to formalize their union, but were unsuccessful in this endeavor because Carolyn Stringer had left her driver's license at home. The law does not require that the element of mutual assent be present and continue throughout the entire term of the relationship. The law requires only that mutual assent on the part of the parties to be married be present together with the elements of capacity and public recognition, at some time during the relationship. In light of this, I do not believe that occasional episodes of confusion regarding commitment to the relationship, which Lawrence Stringer testified to experiencing, negate the existence of a common law marriage. *Page 199 
I believe the trial judge's finding that no common law marriage existed was not supported by the evidence and that the trial judge made this finding through a misapplication of the law to undisputed facts. Therefore, I must respectfully dissent.
YATES, J., concurs.