Deborah Maudlin Creel, who was appointed by the probate court as administratrix of the estate of Joseph David Creel, Sr., petitions for a writ of mandamus directing the circuit court to vacate its order remanding these estate proceedings to the probate court for the appointment of a different administratrix or administrator. We grant the petition.
Joseph David Creel, Sr., died in February 1997. Two petitions for letters of administration of Creel's estate were filed with the Chilton County Probate Court: one by the petitioner, alleging that she was Creel's widow by virtue of a common law marriage; and one by the decedent's daughter, Cherry Creel Parmer. After a hearing, the probate court granted letters of administration to the petitioner in an order holding, in part:
 "[I]t further appears to the satisfaction of this court that [the petitioner] is the widow of said decedent by satisfactory proof of her common law marriage to the decedent, that she is over 21 years of age, that she is an inhabitant of this state, and that she is a fit person under the law in the estimation of the court to serve as administratrix of this estate."
Pursuant to Ala. Code 1975, § 12-22-21, the decedent's daughter appealed from the order of the probate court to the Chilton County Circuit Court.[1] After a hearing, the circuit court held that the probate court did not have the authority to determine the existence of a common law marriage and remanded the cause to the probate court. The circuit court wrote:
 "The probate court is a court of law and, therefore, generally does not possess jurisdiction to determine equitable issues. Lappan v. Lovette, 577 So.2d 893 (Ala. 1991); Byars v. Mixon, 292 Ala. 657, 299 So.2d 259 (1974). . . .
 "The probate court is a creature of statute and receives its power, jurisdiction, and authority from statutes. Ala. Code 1975, § 30-1-1 et seq., sets forth the manner in which marriages are solemnized. Clearly, the probate judge is authorized under these statutes to solemnize marriage, but these statutes contain no reference to common law marriage. As one reflects upon the history and elements of a common law marriage, it is clear that the existence and recognition of common law marriages in Alabama are creatures of equity.
 ". . . .
 "[Deborah Maudlin Creel] has provided this court with one case in which the probate court's finding of the existence of a common law marriage was affirmed by the Supreme Court of Alabama. Steele v. Steele, 522 So.2d 269 (Ala. 1988). Steele came out of the probate court of Jefferson *Page 785 
County and was appealed directly to the Alabama Supreme Court. . . . These types of probate courts, with broadened powers, are limited in this state and possess powers that others do not generally have.[2] Accordingly, this court is of the opinion that the application of Steele is not appropriate in this case.
 "This court can find no appellate case in which the question of whether the probate court has the authority to determine the existence of a common law marriage has been raised or addressed. In the absence of such authority, this court finds that the probate court does not have the statutory authority to determine the existence of a common law marriage. `The probate court cannot . . . administer remedies except as provided by statute . . .' Lappan v. Lovette, 577 So.2d [at 896].
 "Accordingly, the appointment of [Deborah Maudlin Creel] as the administratrix of the estate of Joseph David Creel, Sr., is set aside as the priority upon which the appointment was based was erroneous. . . .
 "This case is remanded . . . to the Probate Court of Chilton County for the appointment of a different administrator or administratrix of the estate of Joseph David Creel, Sr., and for further administration."
Deborah Maudlin Creel filed a motion to alter, amend, or vacate the remand order, arguing that the circuit court had "failed to give attention and weight" to Ala. Code 1975, § 12-13-1(b)(3) (establishing the jurisdiction of the probate court) and had ignored this Court's decision in Adams v. Boan,559 So.2d 1084 (Ala. 1990).
In a written order denying Deborah Maudlin Creel's motion, the circuit judge stated that he had reviewed § 12-13-1(b)(3) and had concluded that that statute did not place the establishment of common law marriages within the jurisdiction of the probate court. The order also cited Ex parte Slade,382 So.2d 1127 (Ala. 1980), as further support for the remand order.
This Court has held that the probate court's jurisdiction extends only to those matters given to it by statute,Wallace v. State, 507 So.2d 466, 468 (Ala. 1987), and that because a probate court is a court of law, it "generally does not possess jurisdiction to determine equitable issues."Lappan v. Lovette, 577 So.2d 893, 896 (Ala. 1991). However, the probate court has "original and general jurisdiction in practically all matters having to do with probate and administration of decedents' estates." Opinionof the Justices, 280 Ala. 653, 657, 197 So.2d 456, 460
(1967). See, also, Holyfield v. Moates, 565 So.2d 186
(Ala. 1990); Broughton v. Merchants National Bank ofMobile, 476 So.2d 97 (Ala. 1985).
The petitioner contends that the determination of whether a common law marriage existed between a decedent and an alleged spouse seeking appointment as administrator or administratrix is vested in the probate court pursuant to § 12-13-1(b)(3):
 "(b) The probate court shall have original and general jurisdiction over the following matters:
 ". . . .
 "(3) All controversies in relation to the right of executorship or of administration."
We agree with the petitioner.
In Rogers v. McLeskey, 225 Ala. 148, 142 So. 526
(1932), the Probate Court of Etowah County denied the appellant's right of homestead and exemption from the decedent's will, based on its finding that she was not the decedent's common law wife and, therefore, not his widow. On appeal, however, the jurisdiction and authority of the probate court were not at issue, and the decision addressed the issue of sufficiency of the evidence to support the probate court's judgment that the appellant was not the widow of the decedent. *Page 786 
Similarly, in Kelly v. Kelly, 247 Ala. 316,24 So.2d 265 (1945), the Jefferson County Probate Court (before the enactment of the legislation granting that court equity jurisdiction; see footnote 2) granted a "widow's" petition for letters of administration and conducted a hearing when the decedent's brother filed a contest claiming that the deceased had been an unmarried man. The probate court held that a common law marriage existed between the decedent and the petitioner; the brother appealed to the circuit court. This Court affirmed the circuit court's reversal of the order of the probate court on the ground that the probate court judgment was wrong and unjust. There was, however, no objection to, or issue raised concerning, the jurisdiction of the probate court to determine the existence of a common law marriage and to base the issuance of letters of administration thereon.
This Court's decision in Slade, supra, is the only authority we find for the proposition that the probate court lacks jurisdiction to determine the existence of a common law marriage. In Slade, the petitioner claimed that the Probate Court of Henry County had judicially determined that she was the common law wife of the decedent and had previously appointed her as the decedent's guardian on the ground of his mental incompetency. The petitioner sought injunctive relief from an order granting the decedent's brothers the right to remove the decedent's body from the state for burial.
This Court denied the petitioner's request for a writ of mandamus:
 "The petitioner has cited . . . two cases which hold, she asserts, that the ore tenus finding of a probate court is presumptively correct: State Dept. of Pensions and Security v. Whitney, Ala. Civ.App., 359 So.2d 810 (1978), and Graves v. Graves, 51 Ala. App. 601, 288 So.2d 142 (1973). Each of those cases involved a petition for adoption. That subject matter is statutorily within the jurisdiction of the probate court, Code of 1975, § 43-4-1, as is the appointment of guardians for mental incompetents, Code of 1975, § 12-13-1. The cited cases are correct as far as they go, but they are inapposite here because they did not address the establishment of a common law marriage, a subject over which the probate court has not been given jurisdiction. § 12-13-1. Hence we cannot consider on the record before us that this petitioner's claim as common law wife of S.L. Slade has been judicially established."
Ex parte Slade, 382 So.2d at 1128-29 (emphasis added).
Despite the language in Slade, we must conclude that, pursuant to the provisions of § 12-13-1, the probate courts of Alabama are vested with the authority to determine the existence vel non of a common law marriage as a "controversy" that relates "to the right of executorship or of administration" of a decedent's estate. We do not expand the jurisdiction of the probate court; rather, by refusing to ignore the reality of the scope of § 12-13-1(b)(3), we simply recognize that Alabama probate courts have authority over "[a]ll controversies in relation to the right of executorship or of administration" of decedents' estates, including the determination of the existence of a common law marriage.
The portion of Ex parte Slade, 382 So.2d 1127
(Ala. 1980), that conflicts with our decision in this case is hereby overruled.
We note that a judgment of the probate court holding that a common law marriage does, or that it does not, exist carries with it the safeguard of either removal or appeal to the circuit court, as guaranteed by § 12-11-41 and by §§ 12-22-20 and -21, respectively.
Because the writ of mandamus is a drastic and extraordinary remedy, this writ is issued only when the petitioner shows 1) a clear legal right to the order sought; 2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) the proper invocation of the jurisdiction of the court. Ex parteHolland, 692 So.2d 811 (Ala. 1997). The petitioner has met these criteria. The petition for the writ of mandamus is granted.
PETITION GRANTED. *Page 787 
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, SEE, and LYONS, JJ., concur.
[1] Joyce E. Creel, the decedent's ex-wife, filed a motion in the circuit court to remand the cause to the probate court and to appoint her as the administratrix of the decedent's estate. This motion was not ruled on by the circuit court.
[2] The circuit court is apparently referring to the Probate Courts of Jefferson and Mobile Counties. Act No. 974, Ala. Acts 1961, granted general equity power to the Mobile County Probate Court, that power to be concurrent with that of the circuit court. Act No. 1144, Ala. Acts 1971, granted general equity power to the Jefferson County Probate Court, that power to be concurrent with that of the circuit court.