Joyce R. Creel filed a declaratory-judgment action in the Chilton Circuit Court, seeking a judgment declaring that she had been the common-law wife of Joseph David Creel, Sr., at the time of his death. The court entered such a judgment. The defendant Deborah Maudlin Creel appeals. We affirm.
Joyce Creel ("Joyce") and Joseph David Creel, Sr. ("Joseph Sr.") were married in 1948. One of them sued for a divorce in 1976, and a final divorce judgment was entered on April 6, 1977. During that same month, Joyce had surgery. During her recuperation, she and Joseph Sr. renewed a relationship that resembled a marital relationship. Through 1981, they lived together and held themselves out as being married. However, in 1982, they again had difficulties in their relationship and Joyce, claiming to be married to Joseph Sr., sued for a divorce. However, by September 10, 1983, Joyce's action had been dismissed by agreement of the parties. Neither Joyce nor Joseph Sr. ever participated in any marriage ceremony with each other or with anyone else after their divorce in 1977.
Joyce and Joseph Sr. had a son named Joseph David Creel, Jr. ("Joseph Jr."). In the late 1980s, Joseph Jr. married Deborah Maudlin, who then became Deborah Maudlin Creel ("Deborah"). Deborah and Joseph Jr. were divorced in 1994. Before her divorce, Deborah had been living in the house occupied by Joseph Sr. After the divorce, she continued to live in the house occupied by Joseph Sr.
On February 1, 1997, Joseph Sr. died of a stroke. His daughter Cherry Creel Parmer ("Cherry") applied for letters of administration on his estate. Deborah also applied for letters of administration, claiming that she was the wife of Joseph Sr. by a common-law marriage she said had occurred during the time after her divorce from Joseph Jr. The Chilton County Probate Court, ruling that Deborah had been the common-law wife of Joseph Sr. at the time of his death, appointed her administratrix.
Cherry appealed to the Chilton Circuit Court. While the case was pending in the circuit court, Joyce filed two motions in that case, including a motion to remand the case to the probate court so that she could be appointed administratrix of Joseph Sr.'s estate. The circuit court did remand the case, stating that the probate court had no jurisdiction to determine whether a common-law marriage existed. Deborah then petitioned this Court for a writ of mandamus. See Ex parte Creel, 719 So.2d 783 (Ala. 1998). This Court held that the probate court did have jurisdiction to make the determination whether there had been a common-law marriage; we *Page 945 
noted that Joyce's motion filed in the circuit court for a remand and an appointment as administratrix had not been ruled on. 719 So.2d at 784 n. 1.
While the probate action described above was pending in the Chilton Circuit Court, Joyce filed her declaratory action in that same court. That court ruled that Joyce had been the common-law wife of Joseph Sr., at the time of his death. Deborah now appeals that declaratory judgment.
Deborah contends here, as she did in the circuit court, that Joyce's declaratory-judgment action should have been barred on the basis that it deals with the same parties and the same issue as the action initiated in the probate court by Deborah and Cherry; she argues that, in reality, Joyce's action was nothing more than a disguised appeal of the probate court's ruling. Deborah argues that the probate case and Joyce's circuit-court case primarily concern the same issue: Which of them, if either, was the common-law wife of Joseph Sr. at the time of his death? In addition, she states that the parties in the two cases are identical, in that she alleges that both she and Joyce were parties to both actions.
A trial court will not exercise jurisdiction over a declaratory-judgment action if there is pending at the same time another action or proceeding that involves the same parties and in which the same issue is involved. Evans v. Cumberland LakeCountry Club, 682 So.2d 11, 15 (Ala. 1996); Home Ins. Co. v.Hillview 78 West Fire Dist., 395 So.2d 43, (Ala. 1981); Mathis v.Auto-Owners Ins. Co., 387 So.2d 166, 167 (Ala. 1980); Foreman v.Smith, 272 Ala. 624, 133 So.2d 497 (1961). However, when pending cases do not involve the same parties, "[t]he trial court has wide discretion in determining whether to award declaratory relief when another action presents the same issue." Ex parte Breman LakeView Resort, L.P., 729 So.2d 849, 851 (Ala. 1999); Home Ins. Co., 395 So.2d at 45.
It is questionable whether Joyce was a party to the probate proceeding involving Deborah and Cherry. Deborah supports her argument that Joyce was a party to the probate proceeding by pointing out that in the circuit court Joyce filed two motions in that probate proceeding and filed a brief with this Court when Deborah petitioned for a writ of mandamus. However, in our opinion in Ex parte Creel, we did not discuss any of the issues as they might have concerned Joyce. In that opinion, we mentioned Joyce only in footnote 1, which read:
 "Joyce E. Creel, the decedent's ex-wife, filed a motion in the circuit court to remand the cause to the probate court and to appoint her as the administratrix of the decedent's estate. This motion was not ruled on by the circuit court."
719 So.2d at 784. The facts Deborah has placed before us in this present proceeding are insufficient to prove that Joyce was a party to the probate proceeding involving Deborah and Cherry. It appears that the circuit court never formally made her a party to that probate proceeding, and it appears she did not attempt to intervene in that probate proceeding under Rule 24, Ala.R.Civ.P.
Certainly, Deborah has shown no evidence that would allow us to hold that the trial court abused its wide discretion. We cannot say the circuit court erred in allowing Joyce to proceed with her declaratory-judgment action.
Deborah argues next that the declaratory-judgment action, or at least Joyce's claim of a common-law marriage to Joseph Sr., should have been precluded by the 1982 divorce action initiated by Joyce. Why? That action was dismissed, without prejudice, on May 16, 1983. There was no resolution of any issue in that action; therefore, we need not discuss questions of claim preclusion or issue preclusion, for there was no preclusion at all. Joyce sued for a divorce in 1982 (five years after she and Joseph Sr. had been divorced). The *Page 946 
trial court did not enter, or purport to enter, a divorce in that 1982 action.
Deborah also argues that the evidence presented did not support the circuit court's judgment declaring that Joyce had been the common-law wife of Joseph Sr. at the time of his death. A trial court's finding of fact based on ore tenus evidence is entitled to considerable deference. Posey v. Posey,614 So.2d 1041, 1042 (Ala. 1993); Browning v. Carpenter, 596 So.2d 906
(Ala. 1992). When the trial court's judgment is based on findings of fact that, in turn, were based on ore tenus evidence, an appellate court will not disturb that judgment "unless it is unsupported by the evidence or is palpably wrong. Mangina v. Bush,286 Ala. 90, 237 So.2d 479 (1970)." CRW, Inc. v. Twin LakesProperty Owners Ass'n, Inc., 521 So.2d 939, 941 (Ala. 1988).
 "This Court, therefore, `will indulge all favorable presumptions to sustain [the trial] court's conclusion, and it will be disturbed on appeal only if shown to be plainly erroneous or manifestly unjust.' Roberts v. Peoples Bank Trust Co., 410 So.2d 393 (Ala. 1982), citing Century Plaza Co. v. Hibbett Sporting Goods, Inc., 382 So.2d 7 (Ala. 1980), and Krieger v. Krieger, 276 Ala. 466, 163 So.2d 623
(1964)."
Id.
The elements of a common-law marriage are: "(1) capacity; (2) present agreement or mutual consent to enter into the marriage relationship. . . ; (3) public recognition of the existence of the marriage; and (4) cohabitation or mutual assumption openly of marital duties and obligations." Adams v. Boan, 559 So.2d 1084,1086 (Ala. 1990).
The circuit court heard evidence indicating that during the years 1977 to 1981 Joyce and Joseph Sr. lived together, had sexual relations, and held themselves out as being married. Joyce sued for a divorce in 1982; however, her divorce action was dismissed. In his order in this present action, the trial judge stated:
 "The evidence in this case is hotly disputed. It is this Court's duty to determine the weight and credibility of the witnesses and to make the appropriate determinations.
 ". . . [The trial court] is bound to follow the law as best it can and finds that subsequent to their divorce in 1976 the Creels, Joyce and [Joseph Sr.], resumed a marital relationship and established a common-law marriage. All of the elements of common-law marriage have been established. . . .
 "Accordingly, it is ORDERED, ADJUDGED and DECREED that Joyce Creel [was the] common-law wife [of Joseph David Creel, Sr.,] at the time of his death."
Nothing in the record indicates that the circuit court abused its discretion in making this determination.
The judgment of the circuit court is affirmed.
AFFIRMED.
MADDOX, SEE, BROWN, and ENGLAND, JJ., concur.