YATES, Presiding Judge.
Linda K. Blocker and Douglas Carey Blocker were married in 1988; they divorced in 1992. Douglas then married another woman and divorced her in 1997. Subsequently, Linda and Douglas resumed a relationship in which they cohabited. In November 2000, the parties separated.
On April 25, 2001, Linda filed a complaint for a divorce, alleging that there had been a common-law marriage from 1997 until the parties’ separation in November 2000. Douglas denied the existence of a common-law marriage. Several hearings were held on this matter, although none of the transcripts from those hearings are included in the record. On October 1, 2002, the trial court entered a final judgment, finding that no common-law marriage existed between the parties. The trial court then divided certain items of personal property between the parties and purported to grant Douglas title to the “marital home.” We note that during the time that the parties cohabited, the “marital home” was located on land owned by Linda’s brother, Paul Kelley, and title to that property was in his name. The trial court also entered an injunction, pursuant to § 30-5A-1 et seq., Ala.Code 1975, the Family Violence Protection Order Enforcement Act, prohibiting Linda and Douglas from harassing or threatening the other.
On October 29, 2002, Linda moved to alter, amend, or vacate the judgment, pursuant to Rule 59, Ala. R. Civ. P., arguing that the trial court, as a domestic-relations court, lacked the authority to divide the parties’ property once it determined that no common-law marriage existed. She further argued that the real property awarded to Douglas as the “marital home” belonged to her brother during the parties’ cohabitation and that the she did not receive title to that property until one and one-half years after the parties had last lived together.
On January 2, 2003, Linda filed a Rule 60(b), Ala. R. Civ. P., motion, seeking relief from the judgment on the grounds that she had discovered evidence that the parties had had a common-law marriage; she alleged in the Rule 60(b) motion that she had been unable to obtain the evidence before trial because Douglas’s accountant had refused to provide her with the information. Attached to her Rule 60(b) motion were documents from the Internal Revenue Service wherein Douglas had listed Linda as his wife while they had cohabited. On January 24, 2003, the trial court denied Linda’s Rule 59 and Rule 60 motions.
On February 4, 2003, Linda filed a motion to supplement the record because the court reporter had been unable to locate transcripts from the hearings. On March 3, 2003, the trial court held a hearing on the motion wherein he allowed both parties *798 to present testimony.[1] On March 4, 2003, the trial court entered an order essentially restating its judgment of October 1, 2002. On March 6, 2003, Linda filed a notice of appeal from the October 1, 2002, judgment and from the postjudgment orders entered on January 24, 2003, and March 4, 2003.
On March 7, 2003, Douglas moved to add Paul Kelley as a necessary party. On that same day, he also filed a cross-claim against Kelley. On March 7, 2003, the trial court purported to grant the motion to add Kelley as a party.[2]
Linda argues on appeal that the trial court lacked subject-matter jurisdiction to divide the parties’ property once it determined that no common-law marriage existed. She also argues that the trial court had no authority to divide the real property that was awarded to Douglas as the “marital home” because she and Douglas were neither joint tenants nor tenants in common. She further argues that title to the real property that was awarded to Douglas as the “marital home” was in Kelley’s name when the parties were cohabiting. Finally, Linda argues that trial court granted relief that was different from the relief that was requested.
A court does not have the authority to act if the court lacks subject-matter jurisdiction. B.W.C. v. A.N.M., 590 So.2d 282 (Ala.Civ.App.1991). “Subject-matter jurisdiction cannot be waived, and the lack of subject-matter jurisdiction may be raised at any time by a party or by a court ex mero motu.” Ex parte Punturo, [Ms. 1000115, February 8, 2002] — So.2d -, - (Ala.2002) (emphasis in original).
“[T]he judicial power to grant a divorcee] is founded on domicile under our system of law. This is so because domicile in the state gives the court jurisdiction of the marital status or the res or subject matter which the court must have before it in order to act. Jurisdiction of the res is essential because the object of a divorce action is to sever the bonds of matrimony, and unless the marital status is before the court, the court cannot act on that status.”
Hartigan v. Hartigan, 272 Ala. 67, 72, 128 So.2d 725, 729 (1961).
Once a common-law marriage is established, the trial court can divide the parties’ marital property and award alimony. See Hall v. Duster, 727 So.2d 834 (Ala.Civ.App.1999).
“In Alabama, once a claimant has established the existence of a common-law marriage, the status of the claimant is forever changed — the claimant is married. Once a couple has entered into a common-law marriage, the dissolution of that relationship can be accomplished only through divorce. Common-law marriage partners and ceremonially-married couples are subject to the same divorce laws because Alabama treats both forms of marriage the same. A court can divide a common-law couple’s property and award alimony.”
John B. Crawley, Is the Honeymoon Over for Commonr-Law Marriage: A Consideration of the Continued Viability of the Common-Law Marriage Doctrine, 29 Cumb. L.Rev. 399, 410 (1998)(footnotes omitted).
When the trial court entered a judgment finding that no common-law *799 marriage existed, it lost jurisdiction over the subject matter of the action and could not divide or award the parties’ property. See, e.g., Stringer v. Stringer, 689 So.2d 194 (Ala.Civ.App.1997)(once trial court determined that no common-law marriage existed, it denied the relief requested by the parties); Crosson v. Crosson, 668 So.2d 868 (Ala.Civ.App.1995)(trial court dismissed divorce petition after finding that no common-law marriage existed). Although we recognize that courts, other than a court sitting as a domestic-relations court, have addressed whether a common-law marriage existed, those courts had jurisdiction on other grounds. See Ex parte Creel, 719 So.2d 783 (Ala.1998)(probate court having original jurisdiction over all matters concerning probate and administration of estate had jurisdiction to address whether a common-law marriage existed for the purpose of appointing an administrator); National Sec. Fire & Cas. Co. v. Minchew, 372 So.2d 327 (Ala.1979)(insurable interest existed in civil case where trial court found that sufficient evidence was presented of defendant’s common-law marriage); Gilchrist v. State, 466 So.2d 988 (Ala.Crim.App.1984)(trial court in criminal case correctly found that no common-law marriage existed for the purposes of determining whether the “wife’s” statements were admissible against the defendant/“husband”). However, the parties in the present case were before the trial court on a domestic-relations matter pursuant to § 30-2-1, Ala.Code 1975. Because the existence of a common-law marriage was not proven, no “domestic relations” matter existed, and, therefore, the trial court lacked subject-matter jurisdiction to divide the property accumulated while the parties cohabited where the only relief sought was pursuant to a complaint for a divorce.
“ ‘Lacking subject matter jurisdiction [a court] may take no action other than to exercise its power to dismiss the action .... Any other action taken by a court lacking subject matter jurisdiction is null and void.’ ” State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala.1999)(quoting Beach v. Director of Revenue, 934 S.W.2d 315, 318 (Mo.Ct.App.1996)). Accordingly, we reverse the trial court’s judgment and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON and MURDOCK, JJ., concur.
CRAWLEY and PITTMAN, JJ., concur in the result, without writing.

. The transcript from the March 3, 2003, proceeding is part of the record.

. The trial court lost jurisdiction to add a new party to the action while the case was pending on appeal to this court. See Horton v. Horton, 822 So.2d 431 (Ala.Civ.App.2001)(a trial court loses jurisdiction to act except in matters entirely collateral to the appeal).