NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7063

SHELIA WINSETT,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.


Shelia Winsett, of Parrish, Alabama, pro se.

Kenneth S. Kessler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7063

SHELIA WINSETT,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-0859, Judge Mary J. Schoelen.

_____

DECIDED:  July 10, 2008

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

Shelia Winsett appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") denying Winsett recognition as the surviving spouse of Gary W. Jacks, a deceased veteran, for the purpose of awarding benefits from the Department of Veterans Affairs ("VA").  <u>See</u> <u>Winsett v. Nicholson</u>, No. 05-0859 (Vet. App. Sep. 5, 2007).  For the reasons set forth in this opinion, we <u>affirm</u>.

## I. BACKGROUND

Winsett and Jacks were married in Alabama on January 2, 1969. Jacks then served on active duty in the Army from May 1969 to January 1972. Several years after his discharge, in October 1977, Winsett and Jacks divorced. But various housing, insurance, bank and medical records referred to Winsett as Jacks' spouse as late as 1983. According to family and friends, Winsett and Jacks generally held themselves out as a married couple, cohabited for approximately three years following the divorce, cohabited occasionally afterward, and Winsett cared for Jacks when he became ill before dying in June 1989.

However, Winsett remarried in October 1981, moving in with her new husband, James Morris. A county record from February 1982 reported that Jacks lived with his mother. Winsett divorced Morris in April 1983, and VA records and correspondence from Jacks and Winsett from 1983 onward stated that they were divorced and generally lived at separate addresses. Jacks' death certificate indicates his marital status was divorced with no surviving spouse.

In July 1989, shortly after Jacks' death, Winsett applied to the VA for dependency and indemnity compensation benefits. She indicated on her application that she was divorced and had not cohabited continuously with Jacks from the date of marriage until his death. A long period of VA review, applications for other benefits, evidentiary submissions, and case development followed. Eventually, in December 1999, the VA regional office ("RO") denied Winsett's claim to be recognized as the surviving spouse of Jacks. Winsett appealed to the Board, but the Board sustained the RO's decision in October 2000. Winsett then appealed to the Veterans Court, and several years of

remands and case development followed due to the passage of the Veterans Claims Assistance Act of 2000 ("VCAA").

Ultimately, in May 2004, Winsett was given a personal hearing. The RO then denied her claim for recognition as Jacks' surviving spouse yet again. In July 2004, the RO sent her a Supplement Statement of the Case ("SSOC") reflecting this decision. Winsett appealed, and the Board once again sustained the RO decision in January 2005. Winsett appealed this decision to the Veterans Court. On September 5, 2007, the Veterans Court affirmed the Board's decision. Winsett timely appealed to this court.

## II.    DISCUSSION

We have jurisdiction over final decisions of the Veterans Court under 38 U.S.C. § 7292(a). Our scope of review, however, is limited to "the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans Court] in making the decision." Id. Absent a constitutional question, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); see also Maggitt v. West, 202 F.3d 1370, 1374 (Fed. Cir. 2000).

Winsett raises a host of arguments. First, she argues that the Veterans Court erred by applying the wrong law in reviewing whether the Board clearly erred in finding that she was not the common law spouse of Jacks after their divorce. The Board held that Alabama state law governs whether she was Jacks' common law spouse. The Veterans Court agreed and relied on Scott v. Principi, in which the Veterans Court observed that the requisite elements to establish common law marriage in Alabama are:

(1) capacity, (2) present agreement or mutual consent to enter into marriage, (3) public recognition of the existence of the marriage, and (4) cohabitation or mutual and open assumption of marital obligations. 3 Vet. App. 352, 354 (1992) (citing Adams v. Boan, 559 So. 2d 1084, 1086 (Ala. 1990)). Winsett argues that Creel v. Creel, 763 So. 2d 943, 946 (Ala. 2000), instead is the correct law. We discern no difference between the rule of law articulated in Scott and the rule articulated in Creel; in fact, both cases rely on Adams. Thus, the Veterans Court did not apply the wrong law in reviewing whether the Board correctly found that Winsett was not the common law spouse of Jacks. And we lack jurisdiction to review whether the Veterans Court applied that law correctly to the facts of this case.

Winsett also argues that the Veterans Court erred by holding that the VA's failure to notify her representative to complete a Form 646, Statement of Accredited Representative, prior to her Board appeal did not prejudice her case. She argues that this failure is: (1) presumed prejudicial because it is a VCAA notice error, and (2) violative of her due process rights because she was denied representation. However, Winsett has not identified, nor are we aware of, any statute or regulation that indicates that Form 646 was required to establish her claim, or that the VCAA otherwise requires the VA to inform the applicant of Form 646. And, as the Veterans Court observed, the lack of Form 646 did not affect the adjudication of her claim in any way. Winsett's representative was able to file extensive briefing for her appeal to the Board, and Winsett was able to submit extensive evidence, all without having filed Form 646. Thus, we cannot discern any violation of the VCAA or any violation of Winsett's due process rights.

Third, Winsett argues that the Veterans Court erred by incorrectly holding that the VA did not err by allowing David Fynan, the author of the December 1999 RO decision denying her claim, to attend and participate as a witness in Winsett's May 2004 personal hearing. Under 38 C.F.R. § 3.103(c), the VA officer conducting a personal hearing cannot have "participate[d] in the proposed action or the decision being appealed." The Veterans Court held Fynan's attendance did not violate this regulation because neither mere attendance nor appearance as a witness constitutes the "conducting" of the hearing. The Veterans Court noted that a different VA officer, Gwendolyn Scruggs, conducted the hearing. We see no error in the Veterans Court's interpretation of § 3.103(c).

Winsett next argues that the Veterans Court erred by holding that it did not have jurisdiction to hear her arguments regarding an accrued benefits claim that had not yet been adjudicated by the Board. We see no error in the Veterans Court's decision as to its lack of jurisdiction in the absence of a Board decision on the claim. Winsett also argues that the Board and Veterans Court failed to consider various pieces of evidence. We see no merit in this argument because the VA, the Board, and the Veterans Court are presumed to have considered all of the evidence of record. See Newhouse v. Nicholson, 497 F.3d 1298, 1302 (Fed. Cir. 2007). Winsett has not articulated any basis for holding that this presumption is overcome here. We further see no merit in any of Winsett's remaining arguments. As a result, we affirm.