NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**SHELIA WINSETT,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS**
*Respondent-Appellee.*

---

2010-7082

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-210, Judge Alan G. Lance, Sr.

---

Decided: October 8, 2010

---

SHELIA WINSETT of Parrish, Alabama, pro se.

AMANDA L. TANTUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, Assistant Director. Of counsel on the brief

were DAVID J. BARRANS, Deputy Assistant General Counsel, and DANA RAFFAELLI, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

———————————————

Before RADER, *Chief Judge*, DYK, and PROST, *Circuit Judges*.

PER CURIAM.

Shelia Winsett ("Winsett") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming two December 21, 2007, decisions of the Board of Veterans Appeals ("the Board"). *See Winsett v. Shinseki*, No. 08-0210, 2010 WL 276193 (Vet. App. Jan. 26, 2010). We *dismiss-in-part and affirm-in-part*.

BACKGROUND

Winsett's appeal involves two separate claims. The first is a claim for accrued benefits on behalf of her child with ex-husband Gary Jacks ("Jacks"), a deceased veteran. She argues that her child was entitled to benefits because of Jacks' alleged service connection for post-traumatic stress disorder ("PTSD"). In October 1983, Jacks filed a claim for service connection due to PTSD but died in 1989 while his claim remained pending. In 1989, Winsett filed her accrued benefits claim on behalf of her child. The Board rejected the claim, and the Veterans Court affirmed because there was no diagnosis or evidence of PTSD at the time of Jacks' death.

The second is a claim seeking recognition as Jacks' surviving spouse for Veterans Administration ("VA") purposes. Winsett and Jacks married in 1969 and were divorced in 1977. Winsett remarried but divorced her

second husband in 1983. Subsequently, Winsett would sometimes stay with Jacks between 1983 and his death in 1989, but the Board found that Winsett and Jacks, who did not formally remarry, did not have an agreement to be married, and did not cohabitate during this period. Hence, they were not common law husband and wife under Alabama law when Jacks died.

Winsett appealed the Board decisions on these two claims to the Veterans Court, which affirmed. On April 27, 2010, Winsett timely appealed to this court, and we have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

This court's review of Veterans Court decisions is limited. We have jurisdiction to review a Veterans Court decision "on a rule of law or of any statute or regulation . . . or any interpretation thereof." 38 U.S.C. § 7292(a). However, absent a constitutional issue, we lack jurisdiction to review factual determinations or the application of a law or a regulation to the facts of a particular case. *Id.* § 7292(d)(2). To the extent we have jurisdiction, we set aside Veterans Court interpretations only when they are: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.* § 7292(d)(1).

### A. Accrued Benefits Claim

Winsett asserts that the VA erred in denying her accrued benefits claim. She contends that, if the VA had fulfilled its duty to assist under the Veterans' Claims Assistance Act ("VCAA"), Jacks would have been diagnosed with PTSD during his lifetime. An accrued benefits

claim based on a veteran's claim pending at the time of the veteran's death must be based on "existing ratings or decisions or . . . based on evidence in the file at date of death," 38 C.F.R. § 3.1000(a), and service connection for PTSD requires "medical evidence diagnosing the condition," 38 C.F.R. § 3.304(f). Therefore, to prove entitlement for accrued benefits in this case, Winsett had to show there was evidence in Jacks' file that could indicate a PTSD diagnosis. The Veterans Court found there was no such evidence. The Veterans Court applied the correct law in affirming the Board's rejection of her claim.

## B. Surviving Spouse Claim

The Board's determination that Winsett and Jacks did not have a common law marriage at the time of Jacks' death involves a question of law applied to facts and is not within our jurisdiction to review. 38 U.S.C. § 7292(d)(2). Winsett also argues the Board erred by reopening her surviving spouse claim. Presumably, she objects now because she disliked the Board's determination on the merits. However, there was no error in allowing her claim to be reopened while the case was on appeal.

## C. Constitutional Violations

Winsett alleges constitutional violations, including that the VA violated her due process rights by (1) not allowing her to be present during (or respond to the report regarding) a VA field examiner's interview and (2) not allowing her to fill out a Form 646 before her Board appeal. She also alleges the VA violated her First Amendment rights by "closing a remand from the [B]oard as a 'no response.'" App'x to Pet'r's Br. 9. Although we have jurisdiction to review constitutional questions, 38 U.S.C. § 7292(c), Winsett fails to raise a valid constitutional claim. Winsett's First Amendment claim apparently arises from claims not related to this appeal. *See*

Resp't's app'x 98-100 (showing Winsett raised the complaint that the VA improperly closed a claim as a "no response" in a separate "spina bifida claim"). Winsett raised her Form 646 claim in an earlier appeal to the Federal Circuit, and we could not then "discern any violation . . . of Winsett's due process rights." *Winsett v. Peake*, 283 F. App'x 796, 799 (Fed. Cir. 2008). Finally, Winsett has no valid due process claim surrounding the 2006 field examination report. She admits that she was allowed to "submit[] a rebuttal" to the Board, *see* Pet'r's app'x 11, and the Board conducted a de novo review of the entire record, including Winsett's response. The Board merely found Winsett's response "to be less probative than the field examiner's report." *Winsett*, 2010 WL 276193, at *8.

Finally, Winsett raises a series of additional arguments, including that the Veterans Court improperly failed to give "the benefit of the doubt" under 38 U.S.C. § 5107(b), refused to apply an Alabama case to support her claim, failed to follow its own internal regulations, and incorrectly docketed her Petition for a Writ of Mandamus as a motion to obtain documents. These contentions are without merit.

### DISMISSED-IN-PART and AFFIRMED-IN-PART

COSTS

No costs.