[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2011
JOHN LEY
CLERK

_____

No. 10-14434
Non-Argument Calendar

_____

D. C. Docket No. 1:09-cr-00146-WS-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIMBERLY NICHOLE RAINWATERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 16, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Kimberly Nichole Rainwaters appeals her convictions for: (i) receiving

social security adult child disability benefits totaling $118,928.00, when knowing the money to have been stolen, in violation of 18 U.S.C. § 641; (ii) intentionally failing to disclose her common law marriage, in order to continue to receive social security adult child disability benefits, in violation of 42 U.S.C. § 408(a)(4); (iii) knowingly and willfully making a false written statement to the SSA that her last name was changed to take on the last name of her children, in violation of 18 U.S.C. §§ 1001(a)(2) and (a)(3); (iv) knowingly and willfully making a false statement that she was not married, in violation of 18 U.S.C. § 1001(a)(2); and (v) knowingly and willfully making a false statement that she had never been married or divorced, in violation of 18 U.S.C. § 1001(a)(2). Both parties agree that the "crux" of the issues on appeal is whether Rainwaters entered into a common-law marriage while receiving adult child disability benefits. This is because an individual's receipt of adult child disability benefits ends when such individual "marries." 42 U.S.C. § 402(d)(1)(D).

On appeal, Rainwaters argues that the district court erred in denying her motion for a judgment of acquittal, and in finding that she (i) had entered into a common-law marriage and (ii) knew that she was common-law married, and as a result, should have informed the Social Security Administration ("SSA") of this event. Rainwaters argues that the evidence presented by the government at her

bench trial was insufficient to support her convictions because the evidence did not establish beyond a reasonable doubt that a common-law marriage existed, that she had knowledge of her marriage, or that she intended to conceal the marriage from the SSA.

We review "*de novo* the denial of a motion for acquittal and the sufficiency of the evidence to sustain a conviction." *United States v. Tampas*, 493 F.3d 1291, 1297 (11th Cir. 2007). "In reviewing evidentiary sufficiency, we must determine whether the evidence, construed in the light most favorable to the government, would permit the trier of fact to find the defendant guilty beyond a reasonable doubt." *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir.) (quotation omitted), *cert. denied*, 131 S.Ct. 369 (2010). "We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt." *Id*. "It is not our function to make credibility choices or to pass upon the weight of the evidence. Instead, we must sustain the verdict where there is a reasonable basis in the record for it." *Id*. (quotations and citation omitted). A district court's findings of fact are reviewed for clear error. *United States v. Jones*, 601 F.3d 1247, 1266 (11th Cir. 2010).

In determining whether a common-law marriage existed, the SSA looks to state law, *see* 20 C.F.R. § 404.726, which, in this case, is the law of the State of

3

Alabama. In Alabama, the elements of a common-law marriage are: "(1) capacity; (2) present agreement or mutual consent to enter into the marriage relationship; (3) public recognition of the existence of the marriage; and (4) cohabitation or mutual assumption of marital duties and obligations." *Creel v. Creel*, 763 So.2d 943, 946 (Ala. 2000) (quotation and ellipsis omitted). These elements may be "either explicitly expressed or implicitly inferred from the circumstances." *Arnold v. Arnold*, 977 So.2d 501, 508 (Ala. Civ. App. 2007) (*citing Boswell v. Boswell*, 497 So.2d 479, 480 (Ala. 1986)).

Upon review of the record and consideration of the parties' briefs, we find there was sufficient evidence to support each of the counts of conviction for social security fraud and the making of false statements in this case. The district court did not clearly err in finding that a common-law marriage existed, and that Rainwaters knew that such a marriage existed, based upon, among other things, Rainwaters's own testimony during her divorce proceedings. There was also sufficient evidence that she knowingly concealed the marriage from the SSA. Therefore, we affirm the district court.

**AFFIRMED.**

4